Finch, J.
A motion is made in this case, after the filing of the remittitur in the court below and the entry of judgment thereon, that we address a request to such court to vacate the judgment and‘return the remittitur with a view to a reargument of the appeal.
‘ I have examined the criticisms upon the opinion delivered with all the care which the importance of the case demands, and with a desire to correct any error which may have been committed, but ending in a conviction that no ground for ordering a reargument exists.
1. It is said that the opinion in reciting the statute of 1821 omitted the word “ valuable” as qualifying the word “improvements.” As there was no pretense in the case that any improvements; valuable or not, had been made upon the premises before that act, such literal repetition of the language was totally immaterial to the point in dispute, and only the material purport of the statute was intended to be stated.
2. That no specific reference to the federal constitution was made is true, but the provisions of the state constitution are equally broad upon the question argued, and similar considerations apply to each.
3. This court did not hold in Howard v. Moot (64 N. Y., 268) that such an act as that of 1821, making evidence conclusive of regularity, is unconstitutional. The court only said in substance that even if that were so it would not affect the case .then under consideration.
4. It is intimated that we were mistaken in saying that the assessor’s certificate was written on the assessment-roll. It so appears.in the copy of assessment-roll used as an exhibit, and there is no suggestion in the case to the contrary. If the fact were not so, and the certificate was attached to the roll, the argument and the conclusion would remain the same.
5. Finally, passing over one or two suggestions that require no answer, our attention is called to the case of Shattuck v. Bascom (105 N. Y., 39; 6 N. Y. State Rep., 115). We there held a defect in the assessor’s affidavit fatal to the assessment. We did not speak of the defect as jurisdictional, though, if we had, no collision of authorities *615 would have resulted. The opinion in the present case is careful not to deny a possible fatal result of the defect, although it is rather formal than substantial, but for the curative effect of the statute of 1821 which had no parallel in any form in the facts of the cited case. In the opinion then delivered the defect was. not deemed jurisdictional in any other sense than the modified one of an essential condition under the law as it stood. Whether it was so jurisdictional as that the legislature could not have dispensed with it, and, therefore, could not cure its omission, is a very different inquiry. A defect may be in one sense jurisdictional relatively to the authority of the assessor’s acting under an existing law, and yet not so as it respects the power of the legislature to pass a statute curing the defect; and it is only by confusing these two things which the opinion separated that a seeming contradiction can be reached.
The motion, therefore, should be denied, with costs.
All concur.