CHRISTOPHER SMITH, Appellant, *v.* THE CITY·OF BUFFALO, Respondent.

CHRISTOPHER SMITH and MARY JANE SMITH, Appellants, *v.* THE CITY OF BUFFALO, Respondent.

1. CITY OF BUFFALO — DETERMINATION OF ASSESSMENT DISTRICT FOR LOCAL IMPROVEMENT. The provision of section 145 of the charter of the city of Buffalo (L. 1891, ch. 105), that the board of assessors shall assess the amount ordered to be assessed for local improvements upon the parcels of land benefited by the improvement in proportion to such benefit, makes

the board of assessors the proper body to fix the district of assessment for local improvements.

2. Exclusion of Public Streets from Assessment. Public streets in the city of Buffalo are not assessable for a local improvement.

3. Question of Fact in Action to Set Aside Local Assessment. When, in an action to set aside a local assessment, the question whether certain lands were private property or public streets is a question of fact, the Court of Appeals cannot interfere with the decision of the trial court thereon, affirmed by the General Term, when there is any evidence to support it, and especially when it agrees with a statutory presumption of the regularity of the assessment.

4. Buffalo Curative Act of 1892. When there was no want of jurisdiction to impose the assessment, and no constitutional right was invaded thereby, a local assessment in the city of Buffalo, made before the passage of the curative act of 1892 (Ch. 376), cannot be set aside in an action commenced after that act took effect (April 27, 1892), on account of irregularities existing on that date.

5. Curative Legislation. Whatever the legislature might have dispensed with, or made immaterial by a prior statute, may be cured by a subsequent statute.

*Smith* v. *City of Buffalo*, 90 Hun, 118, 605, affirmed.

(Argued May 5, 1899; decided June 6, 1899.)

Appeals in each of the actions above entitled from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered November 6, 1895, affirming a judgment entered upon the decision of the court after a trial at Special Term.

Each of said actions was brought to set aside a local assessment and to restrain the defendant from collecting the same. The assessment involved in the first action was made to meet the expense of extending Bailey avenue from the city line to Main street in the city of Buffalo, and in the second to meet the expense of constructing a sewer in said avenue. Lands of the respective plaintiffs were assessed to a large amount to defray their proportion of the expense of the Bailey avenue extension and sewer. The common council did not define the districts containing the parcels of land benefited by either of the improvements, but the same were defined by the assessors of the city in the assessment rolls made by them after they had been directed by the common council to make the assess-

ment upon the real estate benefited " in proportion to the benefits resulting therefrom." Public streets were not assessed, and certain lands laid out as streets by the owners of tracts, but not formally accepted by the city, were also exempted by the assessors. The trial judge dismissed the complaint on the merits, and the judgment entered on his decision was affirmed by the General Term.

*Stephen Lockwood* for appellant in first case. The assessment is illegal, for the reason that it was not levied and confirmed within the year following the confirmation of the awards. (L. 1870, ch. 519, tit. 8, §§ 15, 20.) The assessment is illegal for the reason that the common council did not define the district containing the parcels to be benefited by the improvement. (*People ex rel.* v. *Mayor, etc.,* 4 N. Y. 419 ; Burroughs on Taxation, 482, § 149 ; L. 1870, ch. 519, tit. 2, § 39 ; L. 1891, ch. 105, § 153.) The assessment is illegal for the reason that all of the spaces of the public streets on both sides of Bailey avenue were exempted from the assessment. (L. 1891, ch. 105, § 159.) The assessment is illegal for the reason that the so-called streets, Columbus, Summit Park, La Salle and East Hertel, a part of what are known as Summit Park tract, and Shirley and Hewett of the same tract, though private property and within the district assessed, are exempted from the assessment. (L. 1891, ch. 105, §§ 279, 402, 403 ; *Matter of Rhinelander,* 68 N. Y. 105.)

Same for appellants in second case. The common council having omitted to apportion the district containing the parcels to be benefited by this local improvement, had no jurisdiction to pass the resolution ordering the assessors to levy the assessment. (*People ex rel.* v. *Mayor, etc.,* 4 N. Y. 419 ; L. 1870, ch. 519, tit. 6, § 3 ; L. 1891, ch. 105, § 153.) The powers delegated to the engineer of the defendant do not include the legislative power to apportion a district containing the parcels to be benefited by a local improvement. (Burroughs on Taxation, 482, § 149.) The power inherent in the legislature is

not delegated to the board of assessors. (L. 1870, ch. 519, tit. 2, § 39.) The assessment is illegal for the reason that the public streets in the sewer district were by the assessors exempted from the assessment, both as to the feet frontage on Bailey avenue, 150 feet deep, and as to surface for the balance of the area of all public streets included in said district. (L. 1891, ch. 105, § 159.) The assessment is illegal for the reason that there is no evidence showing that the strips of land which were exempted from the assessment designated as Columbus avenue, La Salle avenue, Shirley avenue, Summit Park avenue, Cement street, East Hertel avenue, Hewett street, and many others, were public streets, and the undisputed evidence shows they were private property. (*Matter of Rhinelander*, 68 N. Y. 105; L. 1870, ch. 519, § 13; L. 1891, ch. 105, § 279; L. 1895, ch. 805, § 13.)

*W. H. Cuddeback* for respondent in both cases. The assessors were the proper officers to define the assessment district. (*People ex rel. v. City of Buffalo*, 147 N. Y. 675; L. 1870, ch. 519, tit. 6, §§ 1–3; *Providence Retreat v. City of Buffalo*, 29 App. Div. 160; *Broezel v. City of Buffalo*, 6 N. Y. Supp. 723; *Matter of Ferris*, 6 N. Y. Supp. 725.) It was not necessary to make the assessment within a year after confirmation of the report of the appraisers awarding compensation to the owners of lands taken for the improvement. (*Bell v. City of Yonkers*, 78 Hun, 196.) It was proper to exempt public streets from the assessment. (*City of Schenectady v. Trustees, etc.*, 144 N. Y. 241; *People ex rel. v. Gilon*, 126 N. Y. 147; *Mansfield v. City of Lockport*, 24 Misc. Rep. 36; Dillon on Mun. Corp. § 656; *Holt v. City of St. Louis*, 37 N. E. Rep. 927; *Wormser v. Brown*, 149 N. Y. 171; *Bell v. City of Yonkers*, 78 Hun, 196; *Folmsbee v. City of Amsterdam*, 142 N. Y. 118.) All the defects and irregularities, if any there are in the assessment proceedings, were cured by chapter 376 of the Laws of 1892. (*Ensign v. Barse*, 107 N. Y. 329; *Van Deventer v. Long Island City*, 139 N. Y. 133; *Hagner v. Hall*, 10 App.

Div. 581; *Hatzung* v. *City of Syracuse*, 92 Hun, 203; *People ex rel.* v. *McDonald*, 69 N. Y. 362.)

VANN, J.   The position of the appellants, that the assessments should be set aside because the common council did not define the assessment districts before ordering the assessors to make the assessments, is answered by the decision of this court in *People ex rel. Lehigh Valley Railway Co.* v. *City of Buffalo* (147 N. Y. 675).   The precise question was there involved, and in deciding it the court, through Chief Judge ANDREWS, said : " The claim that the district of assessment should have been fixed by the common council, and not by the assessors, depends upon the provisions of the charter.   It was competent for the legislature to prescribe the public agency to which this power should be committed.·  It could have imposed this duty upon the common council, or on a board of commissioners, or on the assessors. (*Spencer* v. *Merchant*, 100 N. Y. 585.)   The charter does not in direct terms declare that the assessors are to determine the district of assessment.   But we think this is the clear implication from its provisions.   *   *   *   There is no provision that the common council shall fix the assessment district.   In the absence of any indication that the assessors or other body should possess this power, it might very well be that it would reside with the common council under the grant of legislative power.   But section 145 declares that the board of assessors shall assess the amount ordered to be assessed for local improvements upon the parcels of land benefited by the work, act or improvement in proportion to such benefit.   The common council under the charter are to determine what local improvements shall be made, and the amount to be legally assessed therefor.   But the clear implication from section 145, in the absence of any other charter provision on the subject, is, that the assessors are both to fix the district of assessment and distribute the tax.   The parties interested are authorized to file objections to the assessment when made, and are entitled to a hearing before the common council, and they have an

opportunity in this way of having the common council pass upon the question whether the assessors erred in fixing the assessment district." We regard this case as conclusive upon the subject, not only because it is an authority binding upon the court as well as the public, but because, after again carefully reading the charter, we are satisfied with the reasons given for the conclusion reached.

The public streets of the city which enter Bailey avenue in the district assessed were properly excluded from the assessment, because they are not lands benefited by the improvement, and a reasonable construction of the charter does not permit them to be assessed. The general custom in this state is not to assess public streets, even for local improvements, and if the legislature had intended to depart from the established usage, we think it would have expressed its intention in specific language. (*City of Schenectady* v. *Trustees of Union College*, 144 N. Y. 241; *People ex rel. Davidson* v. *Gilon*, 126 N. Y. 147; *People ex rel. Mayor, etc.*, v. *Board of Assessors*, 111 N. Y. 505; *Mansfield* v. *City of Lockport*, 24 Misc. Rep. 25, 36.)

It was a question of fact whether certain lands were private property, as claimed by the appellants, or public streets, as claimed by the respondent, and in view of the presumption of regularity required by section 116 of the charter, the burden of proof and the evidence upon the subject, which includes various acts of recognition by the city, we cannot interfere with the action of the courts below in deciding it against the appellants. (*White* v. *Benjamin*, 150 N. Y. 258; *Matter of Voorhis*, 90 N. Y. 668; *Matter of Hebrew Benevolent Orphan Asylum Society*, 70 N. Y. 476.)

As there was no want of jurisdiction to impose the tax and no constitutional right of the taxpayer was invaded, the plaintiffs are not entitled to have the assessments upon their property set aside on account of irregularities existing on the 27th of April, 1892, when a curative act of the legislature took effect, which expressly ratified and confirmed all acts and proceedings of the city of Buffalo for the levying of taxes and

assessments and the collection of the same.  (L. 1892, ch. 376; *Ensign* v. *Barse*, 107 N. Y. 329; *Van Deventer* v. *Long Island City*, 139 N. Y. 133.)  These authorities hold, in substance, that whatever the legislature might have dispensed with, or made immaterial by a prior statute, may be cured by a subsequent statute.  The assessments in question were made before the passage of said act, and these actions were not commenced until several months after its passage, so that they do not fall within the saving clause which exempts pending suits from the operation of the statute.

The opinion of the learned General Term, with the main features of which we agree, makes extended discussion unnecessary.  Our conclusion is that the judgments appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not voting.

Judgments and orders affirmed, with costs.