## MORRIS v. CITY OF CONROE.
### No. 2198.

Court of Civil Appeals of Texas. Beaumont.
March 10, 1932.

Rehearing Denied March 30, 1932.

A. W. Morris, of Conroe, for appellant.

Geo. B. Darden, of Anahuac, and Poage & Neff, of Waco, for appellee.

WALKER, J.

This was an action by appellee against appellant for the recovery of delinquent taxes. It is conceded by all parties that the tax levy upon which rests appellee's claim for the taxes sued for was void because made by appellee by resolution and not by ordinance, as provided by law. Articles 1012, 1026, and art. 1027, R. S. 1925; City of Liberty v. Llewellyn (Tex. Civ. App.) 15 S.W.(2d) 713; Corpus Juris, vol. 43, p. 526, § 812; Earle v. City of Henrietta, 91 Tex. 301, 43 S. W. 15; Peoples' National Bank v. City of Ennis (Tex. Civ. App.) 50 S. W. 632; Town of Pleasanton v. Vance (Tex. Com. App.) 277 S. W. 89; Vance v. Town of Pleasanton (Tex. Civ. App.) 261 S. W. 457; Wood v. City of Galveston, 76 Tex. 126, 13 S. W. 227. But after the levy was made the Forty-Second Legislature, by House Bill No. 787 (chapter 322), validated tax levies made by cities and towns "where made and adopted by resolution, motion or other informal action instead of having been made by ordinance." Under this act the lower court rendered judgment against appellant in appellee's favor for the taxes sued for.

The question presented by the appeal is the constitutionality of this validating act. We think the act should be sustained as constitutional. In Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932, 935, the Court of Appeals of New York said: "In cases where the proceedings have been such that the citizen has had his chance to be heard before the tax was finally imposed but nevertheless defects have been discovered in such proceedings, if the thing omitted and which constitutes the defect be of such a nature that the legislature might by prior statute have dispensed with it, or if something had been done, or done in a particular way, which the legislature might have made immaterial, the omission or irregular act may be cured by a subsequent statute. This was so stated, and in substantially identical language, in Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, and 15 N. E. 401. Such act might take away from the tax-payer a defense to the further proceedings against him to collect the tax, which he otherwise would have had. Tifft v. City of Buffalo, 82 N. Y. 204."

Discussing the constitutionality of such legislation in Terrel v. Wheeler, 123 N. Y. 76, 25 N. E. 329, the same court said: "After our decision in the case of Brevoort v. City of Brooklyn, 89 N. Y. 128, holding that certain tax impositions were void on account of defective verifications of the assessment rolls by the assessors, the legislature passed the act, chapter 363, of the Laws of 1882, confirming the taxes theretofore imposed, and thereafter no tax in Kings county assessed before the passage of that act could be assailed on account of any irregularity. The taxes were not invalid for want of jurisdiction to impose them, nor because any constitutional right of the tax-payer had been disregarded or violated, but they were invalid be-

cause the law had not been strictly pursued in their imposition, and hence there was legislative competency to cure the defects and to confirm them. Clementi v. Jackson, 92 N. Y. 591; Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, and 15 N. E. 401; Williams v. County of Albany, 122 U. S. 154, 7 S. Ct. 1244 [30 L. Ed. 1083]."

A similar act was sustained as constitutional on authority of the cases just cited in Smith v. City of Buffalo, 90 Hun, 118, 35 N. Y. S. 635, 640. In that case the resolution authorizing the assessment of the taxes was adopted in 1890. The validating act was passed by the Legislature of the State of New York in 1892. The court said: "After the passage of the act, no taxpayer could successfully resist the payment of his tax on the ground of irregularities existing at the time of its passage." The Court of Appeals of New York took jurisdiction of that case and, in disposing of the constitutional question, said: "As there was no want of jurisdiction to impose the tax, and no constitutional right of the taxpayer was invaded, the plaintiffs are not entitled to have the assessments upon their property set aside on account of irregularities existing on the 27th of April, 1892, when a curative act of the legislature took effect, which expressly ratified and confirmed all acts and proceedings of the city of Buffalo for the levying of taxes and assessments and the collection of the same. Laws 1892, c. 376; Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, and 15 N. E. 401; Van Deventer v. Long Island City, 139 N. Y. 133, 34 N. E. 774. These authorities hold, in substance, that whatever the legislature might have dispensed with, or made immaterial by a prior statute, may be cured by a subsequent statute." Smith v. City of Buffalo, 159 N. Y. 427, 54 N. E. 62, 63.

In People v. Holladay, 25 Cal. 300, the Supreme Court of California sustained curative legislation of the character of the act under discussion. The same principle, we think, was announced by our Supreme Court in Anderson County Road District No. 8 v. Pollard, 116 Tex. 547, 296 S. W. 1062, 1065, and Tom Green County v. Moody, 116 Tex. 299, 289 S. W. 381, sustaining the recent legislation validating certain bonds outlawed by the Supreme Court of the United States in Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330.

On these authorities we sustain the constitutionality of the act of the Legislature validating the levy of the taxes in issue because it must be said that appellee had the constitutional power to levy the tax in question and no constitutional right of appellant was injured by the levy. All objections urged by appellant to this legislation were anticipated and answered in the decisions we have cited above.

For the reasons stated the judgment of the lower court should be, and the same is hereby, in all things affirmed.

The same issues on identical facts are presented by the following cases now on our docket: S. K. Hailey, Appellant, v. City of Conroe, Nos. 2213, 2214, 2215, 2216, and Mrs. Lula B. McComb, Appellant, v. The City of Conroe, No. 2217. These five cases are hereby consolidated with this case, Morris v. City of Conroe, No. 2198, and for the reasons given in this case the judgments in all these consolidated are hereby affirmed.