**STORM BROS., Inc. et al. v. TOWN OF BALCONES HEIGHTS.**
**No. 4766.**

Court of Civil Appeals of Texas. El Paso.
Nov. 22, 1950.

Rehearing Denied Feb. 21, 1951.

William E. Remy, Forrest A. Bennett, San Antonio, for appellants.

W. W. Fowlkes, San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Bexar County, 37th Judicial District. The Town of Balcones Heights, Texas, hereinafter called plaintiff, in a trial before the court without a jury obtained judgment against Storm Brothers, Inc., C. C. Storm and A. D. Storm, hereinafter called defendants, enjoining said defendants from occupying or using, or changing the non-use without a permit, of the rear part of their property facing Gentleman Road and extending northeast between parallel lines 200 feet apart for 150 feet, from using said property as a trailer camp as aforesaid, or in any manner in violation of the zoning ordinance of the Town of Balcones Heights, or from extending their trailer camp or excavating on said tract without obtaining a building permit, or from occupying or using said tract or permitting said property 150 feet by 200 feet to be used or occupied without obtaining a certificate of occupation and compliance. The judgment further provided that defendants shall not be required to move these trailers, if any now located on such property, or desist from the use of said property as a trailer camp until an appeal may be effected and prosecuted to final judgment or until this judgment shall become final, at which time this injunction and execution shall become forthwith effective in accordance with the terms of this judgment and order.

The Town of Balcones Heights was duly incorporated as such under the general laws of the State relating to cities and towns. In reliance on Art. 1011f, Vernon's Ann.Civ.St. the city council attempted to name a Zoning Commission. The members of the Zoning Commission purported to have been named by the Mayor and confirmed by the City Council. At all relevant times herein the individuals named as the Zoning Commission had functioned and acted as such. After the final report of the Zoning Commission to the City Council the City Council passed a Zoning Ordinance in which the rear 200 feet of the two adjoining lots or parcels of land were zoned as residential property.

Defendants' points of error attack the validity of this ordinance; first, because the Zoning Commission was not appointed in accordance with Art. 1011f of the Revised Civil Statutes of Texas in that the Zoning Commission was appointed by the Mayor of the city and confirmed by the Council, that such appointment was not made by ordinance passed by the City Council; second, the ordinance in question was invalid because the City Council did not comply with Art. 1011d of the Revised Civil Statutes in that there was no public hearing had to consider such ordinance and the provision for fifteen days published notice of such hearing was not complied with; third, because the ordinance provided for a penalty and same was not published in any newspaper by the City Council in accordance with Art. 1013 and 1011d; fourth, the ordinance was invalid because same was passed by the City Council in a meeting held outside of the city limits of Balcones Heights; fifth, because the defendants had used the two tracts of land involved as trailer courts before the ordinance and that Section 5

of the Zoning Ordinance provides for non-conforming uses and further provides that non-conforming uses in existence at the time the ordinance is passed shall be permitted to continue; seventh, that the trial court erred in partitioning the two tracts of land in question and in holding that a portion of same could be used as a non-conforming use, and holding that the rear 150 feet of each tract could not be used as a non-conforming use.

■■ In regard to point of error No. 1 it is contended that the City Council should have acted by ordinance rather than by resolution, and that the Commission was never appointed by the City Council, but by the Mayor and confirmed by it. Art. 1011f provides that the legislative body shall appoint a Commission to be known as the Zoning Commission. It is to be observed that it does not authorize the creation of a Zoning Commission by the legislative body, but the law does provide for a Zoning Commission to be appointed by the legislative body. Art. 998, R.C.S. provides the city or town council may by ordinance provide for the appointment, term of office and qualifications of such police officers as may be deemed necessary. The provision there expressly provides for action by ordinance on the part of the City Council. In such case it is thought elementary that the city can only act in the manner provided by said article; that is, by ordinance. See City of San Antonio v. Coultress, Tex.Civ.App., 169 S.W. 917.

The provision limits and conditions the power conferred. As has been heretofore observed, Art. 1011f does not provide as to how the legislative body shall exercise its appointive power as does Art. 998 relating to the police department. Unless such an official body or quasi-official body came into potential existence by Art. 1011f citizens could not be appointed members thereof. In short, in our opinion the appointment of members of the Zoning Commission is not the creation of the Commission. There being a valid provision for a Zoning Commission by the State law, if there was an irregularity in the manner of the appointment of this Commission, the members thereof would be officers de facto if they functioned as such. 34 Tex.Jur. p. 615, par. 162; 34 Tex.Jur. p. 629.

If officers de facto, their recommendations to the City Council would have the same effect as though each member was a de jure member of the Commission. 30 Tex.Jur. p. 223, par. 118.

■ The points that the ordinance was invalid because there was no compliance with Art. 1011d as to the fifteen days notice; that it was invalid because it provided for a penalty and same was not published as required by Articles 1011d and 1013; that it was invalid because same was passed at a meeting of the City Council held without the boundaries of the town will be considered together.

After this case was pending on appeal the transcript having been filed in due time, there was enacted by the State Legislature a validating law. The parts deemed pertinent we shall quote:

"Section 1. All cities and towns in this State of five thousand inhabitants or less heretofore incorporated or attempted to be incorporated under the general laws of Texas, whether under the aldermanic form of government or the commission form of government, and which have functioned as incorporated cities and towns since the date of such incorporation or attempted incorporation, are hereby in all respects validated as of the date of such incorporation or attempted incorporation; and the incorporation of such cities and towns shall not be held invalid by reason of the fact that the election proceedings or other incorporation proceedings may not have been in accordance with the law.

"Section 2. The boundary lines of all such cities and towns including both the boundary lines covered by the original incorporation proceedings and by any subsequent extension thereof are hereby in all things validated.

"Section 3. All governmental proceedings performed by the governing bodies of such cities and towns and all officers thereof since their incorporation or attempted

incorporation are hereby in all respects validated as of the respective dates of such proceedings.

"Section 4. The provisions of this Act shall not apply to any city or town now involved in litigation questioning the legality of the incorporation." Vernon's Ann.Civ. St. art. 974d–2.

The town of Balcones Heights is a town of five thousand inhabitants or less. The question of the legality of its incorporation is admitted by defendants. Defects such as those complained of can be validated by the Legislature. There can be no question but that the Legislature could have dispensed with all the defects claimed here. In a town incorporated under the General Law, as was the town in question here, the Constitution and the Constituting Statutes is the source of the power of the town and of its officers. Validation cured the defects complained of. Morris v. City of Conroe, Tex.Civ.App., 47 S.W.2d 690 (Wr.Ref.); Cook v. City of Booker, Tex.Civ.App., 167 S.W.2d 232.

■ The 5th and 7th points it is thought may likewise with propriety be considered together. Section 5 of the Zoning Ordinance in question provides for non-conforming uses and that non-conforming uses in existence at the time the ordinance was passed should be permitted to continue. Without question prior to the Zoning Ordinance part of the two lots or tracts of land in question had been used for commercial or business purposes, that is, the defendants had maintained a trailer court or camp. The evidence justifies a finding, we think, that the part shown on the map a part of the ordinance in question as zoned as commercial or business property represents substantially the part of the land of defendants used for business or commercial purposes. The ordinance protected such use of that portion of the premises and the judgment appealed from recognized and protected such commercial or business use of that portion of the land that was so used at the time of the passage of the ordinance.

These two tracts of land considered together represent a relatively large area.

In such a case if a portion of same is used for commercial or business purposes it does not prevent the zoning of the portion not put to such purposes as residential property. This is thought to be especially true if sufficient land is left for the reasonable prosecution of business or commercial enterprise to the extent that same was being prosecuted at the time of the passage of the ordinance. Defendants likewise complain that the judgment of the court in this instance zoned property in a manner different from the ordinance. It is true that the court released a strip of about fifty feet extending across the defendants' two tracts from the burden of the zoning ordinance. This was done, we take it, to lawfully protect defendants in the right to use the property in the manner it was used at the time of the passage of the Zoning Ordinance. Defendants ought not to be heard to complain because the District Court refused to enforce the ordinance to its full extent. In any event, it may be that the only evidence of violation of the ordinance was as to the portion of the land upon which the injunction operates.

■ There is one matter which, although not called to our attention by either party, we shall briefly mention. In the forepart of the opinion we have quoted the substance of the trial court's judgment, which in practical effect attempts to suspend the execution of the judgment until the judgment becomes final. By the word "final" we take it that the trial court meant not subject to further appeal. This provision is somewhat anomalous. In law there is no such thing as an automatic judgment. It must at the time of the judgment adjudicate the rights of the parties. Foster v. Little Motor Kar Co., Tex.Civ. App., 290 S.W. 228.

A judgment that is a final judgment is the sentence of the law on the facts in the record. If affirmed it is the judgment of the trial court that is enforced, not the judgment of the appellate court. In view of the fact that the question relative to the finality of this judgment has not been raised, although we have some doubts as

to the finality of this judgment we decided to exercise jurisdiction over this appeal.

No reversible error appearing in this case it is ordered that same be in all things affirmed.

McGILL, J., not participating.