## WILLIAMS

### v.

## TEXAS UNITED LIFE & CASUALTY CO.

### No. 3121.

Court of Civil Appeals of Texas.

Waco.

Dec. 10, 1953.

Rehearing Denied Jan. 21, 1954.

Fulmer, Fairchild & Barnett, Nacogdoches, for appellant.

Collins, Garrison, Renfrow & Zeleskey, J. Glenn Barber, Lufkin, for appellee.

TIREY, Justice.

The appellant (plaintiff below) has perfected his appeal from a summary judgment rendered against him and in behalf of the appellee. The judgment is assailed on two points. They are substantially to the effect: (1) that it was error to grant a summary judgment because there was an issue of fact and the summary judgment deprived the appellant of a trial by jury; and (2) that the court erred in refusing to allow appellant to file a counter affidavit at the time of the hearing to supplement the deposition then on file.

Appellant filed his original petition in July, 1952, in which he alleged (pertinent to this discussion) that on June 7, 1950, he had a policy No. 1–4069 issued and delivered to him by the Home Life & Accident Insurance Company of Dallas, insuring his wife, Alta Williams, according to the terms and provisions thereof; that on the same day the Home Life & Accident Insurance Company issued a rider to said policy, which was attached thereto and made a part of the same; and that thereafter the General Life and Hospital Insurance Company assumed all of the obligations of the Home Life & Accident Insurance Company and assumed the above policy and the rider attached thereto; that while said policy and such rider were in force and effect and on the 21st day of June, 1950, his wife became ill and sustained loss from such illness, which was contracted subsequent to the date of the rider, and that such illness began on June 21, 1950 and totally and necessarily and continuously disabled and prevented his wife from the performance of each and every kind of occupation and employment for compensation or benefit within the meaning of the law, and continued until March 21, 1951; that under the terms of the rider attached to the policy the Insurance Company agreed to pay to the plaintiff and to Mrs. Williams, the insured, the sum of $100 per month for each month of said

disability; that during said illness the insured spent six days in the hospital and paid therefor the sum of $6 per day for room; that such charge was reasonable and necessary; that she incurred expenses for medicine in the amount of $10, all of which was reasonable and necessary. He further alleged that he made demand of the insurance carrier to pay the benefits under his contract, and that it had wrongfully refused and failed to pay such benefits, and prayed for appropriate relief. The policy and the rider are attached to plaintiff's original petition and made a part of the same for all purposes.

The appellee filed a general denial, and further specially pleaded that the policy provides for a fifteen day waiting period after the issuance thereof before liability can attach, and specially pleaded Section B, which provides in part:

"For loss caused by hospital and other specified expenses resulting from sickness, the cause of which originates while the policy is in effect and more than 15 days after the date hereof * * *."

This answer was filed October 9, 1952, and on the same day appellee filed motion for summary judgment. This motion specifically alleges that the appellant seeks to recover for illness resulting to the wife of the insured which occurred on the 21st of June, 1950, and further sets out that there is on file a transcript of the oral deposition of the insured, taken on the 9th day of October, 1952, at the law offices of her attorneys in the city of Nacogdoches; that the pleadings, affidavit and deposition on file show that there is no genuine issue in the cause as to whether or not the illness of the insured is covered by the terms of such policy. The motion further avers that the policy provides for a 15 day waiting period after the issuance thereof prior to the inception of liability, thereby expressly excluding the alleged sickness from the terms of the policy; that the insured did not have an illness which is covered by the policy in suit; that the appellee is not legally responsible to the appellant for the illness complained of, and that he is not entitled to recover as a matter of law against the appellee, and prayed for the summary judgment. Attached to the motion was the affidavit of Dr. Travis, which affidavit states in effect that on the 15th day of June, 1950, Mrs. Williams came to his office complaining of exhaustion and a run down condition; that he examined her on such date and diagnosed her case as mild anemia, physical fatigue and exhaustion and low blood pressure. The affidavit also stated that it was the doctor's opinion that the patient had been working too hard and trying to do too much for some months before seeking his advice; that mild anemia, physical fatigue and exhaustion do not arise over night but come on gradually; that he advised the patient to go to the hospital for a rest and to be built up while in the hospital; that she was confined in the hospital on the 22nd day of June, 1950, and kept in said hospital until the 2nd day of July, 1950.

To appellee's motion for summary judgment the appellant made reply, filed on October 16th. This motion specifically excepted to the foregoing motion for summary judgment on the ground that the provisions of the policy are not on file and there is no legal evidence presented to the court whereby the provisions of said policy can be determined, and prayed that the motion for summary judgment be denied.

Appellant, in his reply brief, says in part: "The rider (which was attached to the policy on which this suit was based) states unequivocally that it is subject to the 'provisions and limitations herein contained' and insures against 'loss resulting solely from illness contracted from the date hereof.' Plaintiff is suing only for the $100.00 per month indemnity benefit provided by the rider and is not seeking any benefit described in the policy proper. The conclusion is inescapable that there was no fifteen day waiting period. The same thing applies to appellee's attempt to invoke the exception of 'rest cure' contained in the policy proper. The rider has its own exclusions and limitations and there

is nothing said therein about a 'rest cure' being excluded."

We are in accord with these views. The rider attached to the policy on which this suit was based in part provides: "In consideration of an additional premium * * * hereby insures the above named insured, subject to the provisions and limitations hereinafter contained and during any term of this Rider, against loss resulting solely from accidental bodily injuries sustained after the date hereof, hereinafter called 'such injury,' *and against loss resulting solely from illness contracted from the date hereof, hereinafter called 'such illness'.*" (Italics ours.) The date of this rider is the 7th day of June, 1950.

Part IV of the rider provides in part:

"Confining Illness: If 'such illness' shall independently and exclusively of all other causes, totally, necessarily and continuously disable and prevent the Insured from the performance of each and every kind of occupation or employment for compensation or profit and shall continuously confine him within the house (except the Insured may leave the house under physicians' written orders), the Company will pay after any period of hospitalization, at the rate per month specified in Part I for Monthly Illness Indemnity for a period not exceeding twelve months."

In the Schedule of Indemnities we find that monthly illness indemnity provides for $100 per month.

We have carefully reviewed the deposition of Mrs. Williams and the affidavit of Dr. Travis, and after reviewing this deposition and the affidavit of Dr. Travis, we are of the view that it cannot be said that Mrs. Williams' illness was contracted prior to June 7, 1950, and we are of the further view that it cannot be said that such fact was established as a matter of law.

This court had Rule 166–A, TRCP, under consideration in King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220, 223 (no writ history), in which Judge Lester reviewed the decisions up to that date, and he made this statement of the rule: " 'If, under facts developed, court at trial would be required to direct a verdict for moving party, then a summary judgment should be entered.' " Citing Whitaker v. Coleman, 5 Cir., 115 F.2d 305.

Our Supreme Court in Hood v. Texas Indemnity Ins. Co., 146 Tex. 522, 209 S.W. 2d 345, 346, made this statement of the rule as to expert testimony, and at the time it had under consideration the testimony of a physician: "Opinion testimony does not establish any material fact as a matter of law." Our Supreme Court has not departed from this doctrine. See Board of Firemen's Relief & Retirement Fund Trustees of Houston v. Marks, Tex.Sup., 242 S.W. 2d 181.

Since it is our view that this cause must be reversed and remanded because of the error of the court in granting summary judgment, we feel it would be improper to comment upon the deposition of Mrs. Williams, which was tendered in evidence, except to say that under her pleadings, and particularly under the rider attached to her policy on which she relied, a fact question was presented as to her illness after her hospitalization, and that she is entitled to a trial by jury.

Being of the foregoing view it necessarily follows that appellant's Point No. 2 passes out of the case; but if we are mistaken in that fact we think that the trial court abused its discretion in not permitting appellant to file an affidavit under the undisputed facts because Mrs. Williams was working hard up until the day she went to the doctor, and she did not go to the hospital until the following day. See opinion of San Antonio Court of Civil Appeals in American Casualty & Life Co. v. Gueringer, Tex.Civ.App., 205 S.W.2d 423, points 3 and 4 (no writ history). As to abuse of discretion of filing affidavit, see De La Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 845 (n. r. e.).

Accordingly, this cause is reversed and remanded for a trial on the merits.