The STATE of Texas on the Relation of
Charles DOUGLAS et al., Appellants,

v.

TOWN OF BULLARD, Appellee.

No. 7031.

Court of Civil Appeals of Texas.

Texarkana.

March 25, 1958.

Rehearing Denied April 22, 1958.

Spruiell, Lowry, Potter, Lasater & Guinn, Harry Loftis, Tyler, for appellants.

Smith & Smith, Tyler, for appellee.

FANNING, Justice.

This is a quo warranto proceeding instituted by the District Attorney of Smith County, Texas, in behalf of the State of Texas on the relation of Charles Douglas, et al., against the Town of Bullard, Smith County, Texas, to secure a judgment decreeing that an ordinance passed by the Town of Bullard dated December 5, 1952, adopting and accepting as its organic law the provisions of Title 28, R.C.S. of Texas, 1925, as amended, be invalid and without legal effect. The Town of Bullard was originally incorporated under Chapter 11 of Title 28, R.C.S. of Texas, in the year 1948, and under the provisions of that Chapter the Town's taxing authority was limited to one-fourth of one per cent on the hundred dollars' valuation. On December 5, 1952, the Town Council of Bullard adopted an ordinance finding that there were two manufacturing establishments in said town (to wit, a cotton gin and a tomato packing shed where wooden crates were assembled) and adopted the provisions of Chapters 1–10, Title 28, R.C.S. of Texas, 1925, as amended.

Under the provisions of Chapters 1–10 of Title 28, the Town of Bullard could assess taxes up to $1.50 per hundred dollars valuation. The trial court sustained defendant's motion for summary judgment and entered judgment against appellants, who duly perfected this appeal.

Article 1133, Vernon's Ann.Civ.St. (a part of Chap. 11, Title 28, R.C.S., 1925, as amended) provides as follows:

"When a town or village contains more than two hundred (200) and less than ten thousand (10,000) inhabitants, it may be incorporated as a town or village in the manner prescribed in Chapter 11, Title 28, of the Revised Civil Statutes of Texas, 1925, and all amendments thereto."

Article 961, V.A.C.S. (a part of Chapter 1, Title 28, R.C.S., 1925, as amended) provides in part as follows:

"Any incorporated city, town or village in this State containing six hundred inhabitants or over, however legally incorporated, and any incorporated city, town or village of whatever population containing one or more manufacturing establishments within the corporate limits, may accept the provisions of this title relating to cities and towns, in lieu of any existing charter, * * *"

The Town of Bullard was duly and legally incorporated May 21, 1948. It then had a population in excess of 200 and less than 600. There was an affidavit in the record to the effect that the Town of Bullard then had a population of about 425. Also on December 5, 1952, the population of the Town of Bullard was less than 600. There is no question concerning the fact that on December 5, 1952, the Town of Bullard was duly incorporated and functioning as a town under the provisions of Chapter 11, Title 28, R.C.S., 1925, as amended. The ordinance in question was in proper form and received the requisite statutory vote of the Town Council and was passed, filed and recorded in the requisite statutory manner.

Appellants attack the ordinance in question on various grounds, and contend, among other things, that the Town of Bullard did not contain any manufacturing establishment at the time in question, that the cotton gin and tomato packing shed were not manufacturing establishments, and that the finding of the Town Council that the Town of Bullard contained two manufacturing establishments was arbitrary, capricious and false, and in the alternative that such finding was fraudulent. Appellants also contend that the validating statutes hereinafter referred to are unconstitutional.

Appellee joins issue with appellants on the above matters and also makes counter-contentions in the matter.

We have carefully reviewed the record and have reached the conclusion that appellee's second counter-point is decisive of this case and should be sustained. Appellee's second counter-point reads as follows:

"The several validating statutes of the State of Texas cured any defects which may have existed in the adoption of the provisions of Title 28 by the Town of Bullard."

The ordinance in question was enacted December 5, 1952. Thereafter, Senate Bill No. 314, Chap. 177, page 492, of the 53rd Legislature, Reg.Sess., also known as Article 966c, Vernon's Revised Civil Statutes of Texas, became effective May 19, 1953. This Act validated the incorporation of all Cities and Towns of five thousand inhabitants or less, theretofore incorporated or attempted to be incorporated under the general laws of this state. Said Act also validated all governmental proceedings and acts performed by the governing bodies of such cities and towns and all officers thereof since their incorporation or attempted

incorporation, and validated the same as of the respective date of such proceedings and acts.

The Legislature of the State of Texas also subsequently passed House Bill No. 134, Chap. 47, p. 98, 53rd Leg., First Called Sess., also known as Article 974D–4, effective April 22, 1954. Said Act validated the incorporation of all cities and towns of five thousand inhabitants or less, theretofore incorporated or attempted to be incorporated under the general laws of this state. Said Act also validated as of the respective date all governmental proceedings and acts performed by the governing bodies of such cities and towns and all officers thereof, since their incorporation or attempted incorporation.

The Legislature of the State of Texas also enacted Senate Bill No. 435, Chap. 454, p. 1175, of the 54th Leg., Reg.Sess., known as Article 974D–5, effective June 15, 1955, which act validated the incorporation of all cities and towns of fifteen thousand inhabitants or less, heretofore incorporated or attempted to be incorporated under the general laws of Texas. Said Act validated as of the respective date of such proceedings, all governmental proceedings performed by the governing bodies of such cities and towns, and all officers thereof, since their incorporation or attempted incorporation.

■ Each of the three above referred to validation acts contained "litigation saving" clauses, but these clauses did not become operative or applicable to the case at bar inasmuch as the present litigation was not commenced by appellants until March 22, 1957, long subsequent to the effective dates of the above validating statutes.

■ It is our opinion that the Legislature of Texas validly exercised its legislative powers in enacting the validating statutes in question and that such statutes are constitutional. See Anderson County Road Dist. No. 8 v. Pollard, 116 Tex. 547, 296 S.W. 1062, and authorities reviewed therein. Also see City of Deer Park v. State ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77. We hold that the three above validating statutes were constitutional and that they validated the ordinance of April 5, 1952, in question, which ordinance was a governmental proceeding of the Town of Bullard. See the following authorities: City of Deer Park v. State ex rel. Shell Oil Co., 154 Tex. 174, 275 S.W.2d 77; Pyote Independent School Dist. v. Dyer, Tex.Com.App., 34 S.W.2d 578; Brown v. Truscott Ind. School Dist., Tex.Com. App., 34 S.W.2d 837; Desdemona Ind. School Dist. v. Howard, Tex.Com.App., 34 S.W.2d 840; Morris v. City of Conroe, Tex.Civ.App., 47 S.W.2d 690, wr. ref.; State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065, 1078.

In State v. Bradford, supra, it is stated:

"The rule is well established where the act of some agent of the state or of some agency which must derive its power to act from the Legislature is void for the reason that, at the time the act was performed legislative power therefor had not been given, the Legislature may, in the absence of constitutional prohibition, supply by law operating retrospectively the power originally lacking so that the act which was originally void is valid and binding. Morris & Cummings v. State, 62 Tex. 728–739, et seq.; State v. Powell, 63 Tex.Civ.App. 405, 134 S.W. 746, and cases cited (writ of error refused by Supreme Court); Cooley on Constitutional Limitations, 790–1; Nolan County v. State, 83 Tex. 182–200, 17 S. W. 823; Parker v. Harris County Drainage District, Tex.Civ.App., 148 S.W. 351, 361 (writ of error denied by Supreme Court); McMickle v. Hardin, 25 Tex.Civ.App. 222, 61 S.W. 322 (writ of error denied); Ball v. Presidio County, Tex.Civ.App., 27 S.W. 702–705; Utter v. Franklin, 172 U.S. [416] 417, 19 S.Ct. 183, 43 L.Ed. 498; Calderwood v. Jos. Schlitz Brewing

Co., 107 Minn. [465] 473, 121 N.W. 221; Anderson v. Santa Anna Township, 116 U.S. 356, 6 S.Ct. 413, 29 L. Ed. 633; Ogburn v. Barstow Ward County, Tex., Drainage Dist., Tex.Civ. App., 230 S.W. 1036.

"The rule is well recognized and is supported by sound principles that what the Legislature could have authorized in the first instance it could ratify, if at the time of ratification it has the official authority to authorize. Anderson County Road Dist. No. 8 v. Pollard, 116 Tex. 547, 296 S.W. 1062; Tom Green County v. Moody, 116 Tex. 299, 289 S.W. 381.

· "This court has recently reiterated the rule that, even though an act of an instrumentality or agent of the state was void in its inception, because of an unwarranted exercise of power or because of an *entire absence of power* yet the Legislature may validate such act and make it live. Lyford [Independent] School Dist. v. Willamar Ind. School Dist., Tex.Com.App., 34 S.W. 2d 854; Pyote [Independent] School Dist. v. Dyer, Tex.Com.App., 34 S.W. 2d 578; Young v. Edna Ind. School Dist., Tex.Com.App., 34 S.W.2d 857." (Emphasis added.)

In Morris v. City of Conroe, supra, we find this quoted language:

"* * * if the thing omitted and which constitutes the defect be of such a nature that the legislature might by prior statute have dispensed with it, or if something had been done, or done in a particular way, which the legislature might have made immaterial, the omission or irregular act may be cured by a subsequent statute."

Since we have held that the above referred to validating statutes are constitutional and validated the ordinance in question, we therefore do not find it necessary to de-

cide whether or not the ordinance in question would have been invalid but for the validating statutes.

The judgment of the trial court is affirmed.