### CITY OF HUTCHINS, Appellant,

### v.

### Frank J. PRASIFKA et al., Appellees.

### No. 4315.

Court of Civil Appeals of Texas.

Eastland.

June 27, 1969.

Rehearing Denied July 18, 1969.

---

* This opinion is in lieu of the concurring opinion by Judge HUGHES on rehearing, which opinion is withdrawn.

**880**

Joe E. Vaughan, Dallas, for appellant.

B. Robert Baker, Saner, Jack, Sallinger, & Nichols, Dallas, for appellees.

COLLINGS, Justice.

Frank J. Prasifka, Louis J. Prasifka and Jerry T. Prasifka brought suit to enjoin the City of Hutchins from interfering with the use of their 44 acre tract of land for manufacturing purposes. The City filed a cross action asking an injunction against the plaintiffs from using their property in violation of the comprehensive zoning ordinance of the City for any purpose other than for residential uses. The trial was before the court without a jury and judgment rendered denying injunctive relief to either party. Both the Prasifkas and the City of Hutchins have appealed.

The record shows that appellees Frank J. Prasifka and his brothers are the owners of a 44 acre tract of land in the City of Hutchins. The City of Hutchins adopted a Comprehensive Zoning Ordinance in 1958 with a zoning map showing the 44 acre tract in question as a residential district. Although it is not material to our disposition of this appeal there was oral testimony to the effect that after the 1958 Comprehensive Zoning Ordinance was passed and prior to April of 1965, the City of Hutchins adopted a Zoning Ordinance classifying such 44 acre tract as "Heavy Manufacturing." In April, 1965, the City of Hutchins enacted a new Comprehensive Zoning Ordinance and the accompanying zoning map indicated a residential zoning for such 44 acre tract. Thereafter in November of 1966 the City of Hutchins, by a resolution, re-zoned certain designated land including the 44 acre tract as "Heavy Manufacturing," by a unanimous recommendation of the City Planning Commission and unanimous vote of the City Council. No later amendment to the heavy manufacturing zoning of the tract in question has been enacted by the City of Hutchins.

The evidence indicates that in September of 1967, the Prasifka brothers purchased the 44 acres in question relying upon the heavy manufacturing zoning classification, provided by the 1966 resolution of the City of Hutchins and upon the official posted zoning map on display in the City Hall in the City of Hutchins during September 1967. There was evidence to the effect that the zoning resolution and map in question were the only means by which a person could determine what zoning existed upon the land at that time. Thereafter, the Prasifka brothers stored used tires on the

tract and constructed thereon a cement foundation for a commercial building.

On September 18, 1967, the Mayor of the City of Hutchins told the City Council and appellee Frank J. Prasifka that the 44 acres in question was zoned residential because, in his opinion, the November 7, 1966 zoning action was not legal. It is undisputed that up until the night of September 18, 1967, the purported November 7, 1966 zoning action and the accompanying posted zoning map designated the 44 acre tract as "heavy manufacturing."

There was testimony to the effect that the 44 acre tract is best suited for manufacturing zoning. The Wilmer-Hutchins School Board with nearby property formally notified the City of Hutchins in writing that it had no objection to heavy manufacturing zoning of the tract in question. This evidence is likewise not material to our disposition of the appeal.

In reply to requests by both parties hereto, the court filed findings of fact and conclusions of law as follows:

"FINDINGS OF FACT.

1. —The City of Hutchins adopted a comprehensive zoning ordinance and map in 1958 wherein the plaintiffs tract was zoned as residential.

2. —The City of Hutchins adopted a new comprehensive zoning ordinance in April, 1965 retaining the same classification on the plaintiffs tract.

3. —On November 7, 1966 the City Council of Hutchins, upon recommendation of the City Plan Commission, passed a resolution to reclassify the plaintiffs tract from residential to manufacturing.

4. —Re-classification of the plaintiffs tract to manufacturing was erroneously made on the map maintained in the Hutchins City Hall.

5. —No ordinance was enacted by the City of Hutchins changing the classification of the plaintiffs tract from residential to manufacturing.

6. —The plaintiffs purchased the tract in question on or about September 18, 1967, after being advised by the City Secretary of Hutchins that the zoning classification (manufacturing) shown on the City Hall map was accurate and correct "so far as she knew."

7. —On or about September 18, 1967, the Mayor of Hutchins advised the City Council and the plaintiffs that he did not consider the map then on display in the city hall as accurate with respect to the plaintiffs tract and that such tract was still classified as residential.

8. —The 1965 comprehensive zoning ordinance provides as follows: 'The governing body may from time to time enact, supplement, or change *by ordinance* the boundaries of the districts or the regulations herein established.' (Emphasis added.)

9. —The plaintiffs and the Mayor of the City of Hutchins at the time of the trial were on very unfriendly terms.

10. —After September 18, 1967 plaintiffs made application to the City Council to change the classification of the plaintiffs tract to manufacturing but no further action was taken by the council.

11. —The comprehensive zoning ordinance of the City of Hutchins provides a penalty for persons or companies violating its provisions.

12. —The use of the plaintiffs tract at the time of the trial was not an immediate threat to the health, life or welfare of the citizens of Hutchins or of adjoining property owners.

13. —The plaintiffs relied solely on the map posted in the City Hall designating the plaintiffs tract as manufacturing.

CONCLUSIONS OF LAW

1. —If there were any irregularities in the adoption of the 1965 comprehensive

zoning ordinance by the City of Hutchins, such ordinance was validated by Article 974d–11 V.A.T.S. and was controlling at the time of the trial.

2. —The resolution passed by the City Council of Hutchins on November 7, 1966 changing the classification of the plaintiffs tract to manufacturing had no legal effect and such resolution was not validated by subsequent acts of the Texas Legislature.

A city or town having a valid ordinance and providing therein the procedures to amend, supplement or change such ordinance must be followed and the validating statutes of the State of Texas passed thereafter will not correct the cities failure to follow the requirements of its own ordinance. The comprehensive zoning ordinance of the City of Hutchins can only be amended, supplemented or changed by a validly enacted ordinance.

3. —The City of Hutchins is not estopped from classifying the plaintiffs tract as residential, since the plaintiffs failed to properly investigate and determine the true classification of such tract.

4. —The evidence failed to show at the time of the trial that the plaintiffs tract was an immediate hazard to the life, health or welfare of the citizens of Hutchins and by reason thereof the defendant and cross-plaintiff is not entitled to a permanent injunction against the plaintiffs.

5. —The City of Hutchins has an adequate remedy under the penalty provision of the comprehensive zoning ordinance and is therefore not entitled to a permanent injunction against the plaintiffs."

As heretofore noted both the City of Hutchins and the Prasifkas have appealed. It was found by the court and it is undisputed that on November 7, 1966 the City Council of Hutchins passed a resolution to classify the land here in question as "manufacturing." If this resolution was or by legislative action has been made valid and effective the Prasifkas are not guilty of violating any city ordinance and the court erred in refusing to enjoin the City from interfering with the Prasifkas' enjoyment and use of their property for manufacturing purposes. In the first cross point urged by the Prasifkas it is contended that the court erred in holding that the governmental proceedings of the City Council on November 7, 1966 classifying the land as "manufacturing" had no legal effect and were not validated by Article 974d–12, V.A.T.C.S. That article provides in part as follows:

"Sec. 3. All governmental proceedings performed by the governing bodies of all such cities and towns and all officers thereof since their incorporation or attempted incorporation are hereby in all respects validated as of the date of such proceedings."

In our opinion the controlling issue on this appeal is set out in the Prasifkas' first cross point, presenting the question of whether the "resolution" of November 7, 1966 was validated by Article 974d–12, supra, and was effective to classify the land in question as "manufacturing." There were several defects in the proceedings of the City Council in connection with the resolution in question, such as, the facts that (1) no written notices were sent to property owners that may have been within 200 feet of the lands advertised by newspaper notice and (2) that the City failed to publish in a newspaper the ordinance or resolution showing the zoning change on the land in question to "manufacturing" in compliance with Article 1013 V.A.T.C. S. Also in this connection the court found that the April 1965 zoning ordinance classified the land as residential and further provided that "the governing body may from time to time enact, supplement or change by *ordinance* the boundaries of the districts or the regulations herein established." (Added emphasis ours).

As we understand the record the basis of the judgment denying the injunctive relief sought by the Prasifkas was the court's holding as shown in its conclusion of law

number 2 that the validating statutes of the State cannot cure the failure of a City to follow the procedural requirements of its own ordinance; that the City Zoning Ordinance of 1965 classified the property as "residential", and further provided, in effect, that such classification could only be changed by a validly enacted city ordinance, and could not be changed by a resolution.

■ We do not agree with such holding and the judgment based thereon. A municipality is the creature of the State Legislature and in the absence of a constitutional bar the powers and privileges of a municipality may be changed or modified at the discretion of the Legislature. In 62 C.J. S. Municipal Corporations § 196 at page 358, it is stated:

"An act of the legislature validating acts and proceedings of municipal corporations is the equivalent of original authority, and cures all defects or irregularities falling within its scope."

In State v. Bradford, 121 Tex. 515, 50 S.W.2d 1065 (1932), it was stated:

"—what the Legislature could have authorized in the first instance it could ratify, if at the time of ratification it has the official authority to authorize.—even though an act of an instrumentality or agent of the state was void in its inception, because of an unwarranted exercise of power or because of an entire absence of power yet the Legislature may validate such act and make it live."

In the case of Storm Bros., Inc. v. Town of Balcones Heights, 239 S.W.2d 842 (Tex. Civ.App.1950, ref. n. r. e.) it was alleged that the appointment of a municipal zoning commission was invalid because it was attempted to be created by resolution instead of by an ordinance as required by statute, that the questioned zoning ordinance was invalid because statutory requirements concerning notice had not been complied with and that the publication requirements of Article 1013 V.A.T.C.S. had not been followed. In that case there was a validation statute, Article 974d–2 V.A.T.C.S. which is identical in material respects with the validating statute here applicable and the court held as follows:

"Defects such as those complained of can be validated by the Legislature. There can be no question but that the Legislature could have dispensed with all the defects claimed here. In a town incorporated under the General Law, as was the town in question here, the Constitution and the Constituting Statutes is the source of the power of the town and of its officers. Validation cured the defects complained of."

See also Frost v. Village of Hilshire Village, 403 S.W.2d 836, (Tex.Civ.App. 1966, ref. n. r. e.); Morris v. City of Conroe, 47 S.W.2d 690, (Tex.Civ.App.1932, writ. ref.).

■ The first cross point of the Prasifkas is well taken. The trial court erred in holding in effect that the November 7, 1966 resolution of the Hutchins' City Council classifying the land in question as "Heavy Manufacturing" had no legal effect and was not validated by Article 974d–12 V.A. T.C.S. Since the resolution, although in some respects defective, was validated by our State Legislature, the Prasifkas were entitled to prevail in their suit to enjoin the City from interfering with their use and enjoyment of their land as "Heavy Manufacturing" in accordance with such zoning proceeding. The above holding controls the disposition of this appeal and it is therefore not necessary to discuss other points urged by the Prasifkas and by the City of Hutchins.

That portion of the judgment refusing to grant the petition of the City for an injunction is affirmed. Otherwise, the judgment is reversed with directions to grant to the Prasifkas a permanent injunction restraining and enjoining the City of Hutchins from interfering with the Prasifkas' use and enjoyment of their land as "heavy manufacturing", in accordance with the 1966 zoning proceeding.