

# THE ATTORNEY GENERAL
# OF TEXAS

May 20, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Roy Blake
Chairman
Administration Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.  JM-704

Re:   Whether   an   individual   may
simultaneously serve as a director
of a river authority and a member
of  a  city  planning  and  zoning
commission

Dear Senator Blake:

You ask whether a member of the Lufkin City Planning and Zoning
Commission may also serve as director of the Angelina and Neches River
Authority.

Article XVI, section 40, of the Texas Constitution provides:

> No  person  shall  hold  or  exercise  at  the  same
> time, more than one civil office of emolument,
> except. . . .  (Exceptions not applicable).

Attorney General Opinion JM-594 (1986) concluded that a director
of the Angelina and Neches River Authority occupies a civil office of
emolument.  The opinion pointed out the provisions which conferred an
officer's powers and duties on the board members.  See generally
Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex.
1955).  The statute establishing the river authority also provides
that:

> The directors shall receive as fees of office
> the sum of not to exceed Ten ($10.00) Dollars per
> day for each day of service necessary to discharge
> their duties, provided such service is authorized
> by vote of the Board of Directors. They shall file
> with the Secretary a verified statement showing
> the actual number of days of service each month on
> the last day of the month, or as soon thereafter
> as possible and before a warrant shall be issued
> therefor.

Acts 1935, 44th Leg., ch. 97, §8, at 241.

We have been informed that no board member has ever been compensated for service, despite the quoted provision. We nonetheless believe that the directors of the Angelina and Neches River Authority are civil officers of emolument if they perform any of the services which entitle them to compensation. Compensation attached to an office is an incident to the title to office. Markwell v. Galveston County, 186 S.W.2d 273 (Tex. Civ. App. - Galveston 1945, writ ref'd). The incumbent of an office is entitled to emoluments during the term for which he is elected or appointed. Bastrop County v. Hearn, 8 S.W. 302 (Tex. 1888). The failure to pay authorized emoluments to an officer does not change the character of the office; it is still a civil office of emolument. See generally Attorney General Opinion JM-333 (1985) (municipal judge holds a civil office of emolument even though he refuses to accept the compensation attached to it). Whether any director or directors of the river authority perform any of the services which entitle them to emoluments is a fact question.

In our opinion, a member of the Lufkin City Planning and Zoning Commission is also a civil officer of emolument. You state that the Lufkin City Code provides that the members of the City Planning and Zoning Commission "shall receive the sum of $5.00 for each regular meeting provided, that no member shall receive pay for more than two (2) meetings in one (1) month." Willis v. Potts, 377 S.W.2d 622 (Tex. 1964) ($10 per meeting is sufficient to make an office one of emolument).

The determining factor distinguishing an officer from an employee is "whether any sovereign function of government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." Aldine Independent School District v. Standley, 280 S.W.2d at 583 (quoting Dunbar v. Brazoria County, 224 S.W.2d 738 (Tex. Civ. App. - Galveston 1949, writ ref'd)) (emphasis in original). See also Attorney General Opinion MW-415 (1981) (no distinction exists between "civil office" as used in article XVI, section 40, of the Texas Constitution and "public office" as used elsewhere in the constitution).

The zoning authority of all cities, including home rule cities, is set out in articles 1011a through 1011j, V.T.C.S., the general zoning enabling act. See Attorney General Opinion JM-117 (1983); see also V.T.C.S. art. 1175(26). Article 1011f, V.T.C.S., provides for a municipal zoning commission:

> (a) In order to avail itself of the powers conferred by this Act, the legislative body of a home-rule city shall, and the legislative body of a general law municipality may, appoint a commission, to be known as the Zoning Commission.

(b) If a Zoning Commission is appointed, it shall recommend the boundaries of the various original districts and appropriate regulations to be enforced therein. Such Commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and such legislative body shall not hold its public hearings or take action until it has received the final report of such Commission; provided, however, that any city or town, by ordinance, may provide for the holding of any public hearing of the legislative body, after published notice required by Section 4 of this Act, jointly with any public hearing required to be held by the Zoning Commission, but such legislative body shall not take action until it has received the final report of such Zoning Commission. Where a City Plan Commission already exists, it may be appointed as the Zoning Commission. . . .

(c) Any other law that refers to a municipal Zoning Commission or Planning Commission shall be construed as referring to the legislative body in the case of a general law municipality that exercises zoning power without appointment of a Zoning Commission. (Emphasis added).

V.T.C.S. art. 1011f. The zoning commission reports its recommendations on the boundaries of zoning districts and regulations to be enforced there.

Article 1011e, V.T.C.S., provides in part:

(a) Such regulations, restrictions, and boundaries [adopted by the city legislative body] may from time to time be amended, supplemented, changed, modified, or repealed. In case, however, of a written protest against such change, signed by the owners of 20 per cent or more either of the area of the lots or land included in such proposed change, or of the lots or land immediately adjoining the same and extending 200 feet therefrom, such amendment shall not become effective except by the favorable vote of three-fourths of all members of the legislative body of such municipality. In computing the percentage of land area, the area of streets and alleys shall be included in the computation. The legislative body of a municipality may also provide by ordinance that a

> vote of three-fourths of all its members is
> required to overrule a recommendation of the
> zoning commission that a proposed amendment,
> supplement, or change be denied. (Emphasis
> added).

V.T.C.S. art. 1011e. The underlined language allows the city governing body to delegate part of its legislative power to the zoning commission. See generally City of San Antonio v. Lanier, 542 S.W. 2d 232 (Tex. Civ. App. - San Antonio 1976, writ ref'd n.r.e.) (case decided prior to statutory amendment adding underlined language). Under this provision, the recommendation of the zoning commission can prevail over the will of a simple majority or two-thirds majority of the city's governing body. Thus, the zoning commission could control the power to amend, supplement, or change the city's zoning regulations, restrictions, and boundaries. If the governing body of Lufkin has delegated this power to the zoning commission, it has conferred upon the commission a sovereign function of government to be exercised largely independent of the control of others. Members of the commission would in that case be civil officers of emolument.

If the Lufkin Zoning and Planning Commission does not exercise delegated legislative power under article 1011e, V.T.C.S., or other governmental power delegated by the city's governmental body, we believe the commission members are nonetheless public officers, based on powers granted by article 1011f, V.T.C.S. This is a close question. Some city planning or zoning commissions act only in an advisory capacity. Nichols v. Dallas, 347 S.W.2d 326 (Tex. Civ. App. - Dallas 1961, writ ref'd n.r.e.). The city legislative body, however, may not hold public hearings or take action until it has received the final report of the commission. V.T.C.S. art. 1011f. Thus, the commission has some control over the time at which the city council may exercise its legislative power to establish and change zoning boundaries and regulations. In addition, a Texas court has treated the members of the zoning commission as officers in determining that they would be de facto officers if their appointment were procedurally incorrect. Storm Bros. v. Town of Balcones Heights, 239 S.W.2d 842 (Tex. Civ. App. - El Paso 1950, writ ref'd n.r.e.).

We conclude that members of the Lufkin City Zoning and Planning Commission are civil officers of emolument. If a director of the Angelina and Neches River Authority has performed services which entitle him to receive compensation under the statute, he serves in that position as a civil officer of emolument and may not simultaneously serve on the Lufkin City Zoning and Planning Commission.

## S U M M A R Y

Members of the Lufkin City Zoning and Planning Commission are civil officers of emolument. If a director of the Angelina and Neches River Authority has performed services which entitle him to receive compensation, he serves in that position as a civil officer of emolument. Article XVI, section 40, of the Texas Constitution bars one person from holding these two offices at the same time.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General