## COOK v. CITY OF BOOKER et al.
### No. 5488.

Court of Civil Appeals of Texas. Amarillo.
Nov. 16, 1942.

Rehearing Denied Dec. 21, 1942.

Roy Sansing, of Higgins, and W. H. Sewell, of Follett, for appellant.

Max Boyer and Dan E. Archer, both of Perryton, for appellees.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Lipscomb County, Texas on August 25, 1941, by the plaintiff, the City of Booker, a municipal corporation, against Bony Cook, defendant, to recover the sum of $1,135.51 delinquent taxes, interest, penalty and costs alleged to have accrued to plaintiff because of the nonpayment of taxes in certain years on certain property owned by the defendant. The taxes due, the property covered and the years on which the taxes are delinquent are itemized in a schedule attached to and made a part of plaintiff's petition.

The plaintiff impleaded the State of Texas, the County of Lipscomb and the Booker Independent School District of Lipscomb County, alleging that each of the impleaded defendants claimed some lien or interest against the land involved in the suit.

The Booker Independent School District answered and alleged that the defendant, Bony Cook, was indebted to it in the sum of $757.33 for delinquent taxes, interest, penalty and costs on certain described property, real and personal. The amount of the taxes, the property covered and the years delinquent are set out on a schedule attached to and made a part of the pleading of the Booker Independent School District.

The State of Texas and the County of Lipscomb, by proper pleadings, appeared in

court and alleged the respective amounts of taxes due each and the property against which the taxes were delinquent.

The state, the county, the city and the school district each pleaded its tax lien against the respective property upon which it asserted a lien, asked for a judgment against the defendant and a foreclosure of its tax lien against such property.

No complaint is made as to the sufficiency of the pleading of the plaintiff or any of the impleaded defendants and no further statement is deemed necessary.

The defendant, Bony Cook, filed pleas in abatement urging that the suit involves the collection of taxes due the City of Booker and the Booker Independent School District, both of which are in Lipscomb County, and that the city and school are each maintaining its suit by and through an attorney who is a nonresident of Lipscomb County, notwithstanding the law requires that the city and school district be represented in the litigation by an attorney or attorneys who reside in Lipscomb County, Texas, wherefore this suit should be abated.

The defendant Cook also pleaded, subject to his pleas in abatement, a general denial and that the proceedings of the plaintiff city and the school district relating to levying and assessing taxes had for many years been extremely irregular and the defendant specially denied that any of the taxes sued for were properly levied and that no effectual levy of taxes upon the property was at any time made from the year 1930 to the present time and that, accordingly, the taxes sought to be collected had not been validly levied and also that the taxes of the city were not levied by two-thirds of the elected aldermen thereof; that at no time had the tax collector called upon him for his taxes; that no notice was served upon him prior to the institution of the suit; that for several years the same party had been acting as tax assessor and collector for the city and for the school district and the assessment of the taxes was void for the reason that the assessor and collector could not lawfully hold two offices of emolument at the same time; that the authorities have for the last several years charged a fictitious and exorbitant valuation and placed the value of his property in excess of the actual value thereof; that his homestead property, to-wit: Out-Lots 5, 12 and 30, are acreage tracts and that, in any event, such homestead property is not liable for any taxes except such as are legally assessed against such homestead.

The defendant Cook, as a defense to the collection of the delinquent taxes claimed by the school district, pleaded that such taxes were delinquent more than ten years before the suit therefor was instituted and the collection thereof was barred by the statute of ten years' limitation.

The plaintiff and the impleaded defendants levelled special exceptions to Cook's pleas in abatement, also to his allegations of defective levy, the failure of the equalization board to comply with the law, the tax collector's neglect to call upon him for payment and to give him notice thereof prior to the institution of the suit; that the taxes of the city and school were collected by the same officer, which was unlawful. The court sustained such exceptions to the pleas in abatement and to such alleged defenses and they were stricken from the answer of Cook, who was not allowed to offer any testimony thereon.

On April 9, 1942, the case was called for trial, all parties appeared and announced ready, all matters of law as well as of fact were submitted to the court and after hearing the evidence and the argument of counsel the court found the taxes were levied and assessed at the reasonable market value of the property, both real and personal, gave the location and description of the homestead, exempted it from the taxes for all other property; that the defendant Cook was duly and legally indebted to the State of Texas in the sum of $26.62 for delinquent taxes, to the County of Lipscomb in the sum of $21.04, to the Booker Independent School District in the sum of $757.33, and to the City of Booker in the sum of $1,135.51; that these taxes were secured by valid tax liens on all or part of the property, and adjudged that the plaintiff and each of the impleaded defendants recover the respective amount decreed to it with a foreclosure of the respective liens held against the property described and covered thereby, directed an order of sale to issue, that a sale be had, the taxes paid to the proper parties from the proceeds and the balance, if any, to the defendant Cook. From this judgment the appellant prosecutes his appeal and by proper points presents certain assignments of error for review by this court.

The appellant challenges as error the action of the court in overruling his pleas in abatement attacking the authority

234

of nonresident attorneys to represent the City of Booker and the Booker Independent School District.

In Victory et al. v. State, 138 Tex. 285, 158 S.W.2d 760, 766, the Supreme Court holds that "* * * Article 320 of Vernon's Annotated Civil Statutes provides for the exclusive method of questioning the authority of an attorney to bring a suit."

By reference to Article 320, which is the source of Rule 12, Vernon's Texas Rules of Civil Procedure, it is obvious that the appellant did not comply with the exclusive method of questioning the authority of the attorney representing the city and the school district and this assignment is overruled.

The appellant assails as error the action of the court in sustaining appellee's exceptions to the allegations in which he asserts that the levying and assessing of the taxes were extremely irregular and that no effectual levy had been properly made for the years from 1930 to the present time and, since not having been legally levied, such taxes are not collectable. It will be noted that in these allegations there is no contention that no levy was made but the attack on the validity thereof is because it was irregularly and improperly made.

Article 1027i, Vernon's Civil Statutes of the State of Texas, Annotated, provides: "That all levies for ad valorem taxes heretofore made by the governing bodies of any incorporated city or town in this State for current expenses, maintenance of public free schools, and for interest and sinking funds to pay bonded obligations heretofore authorized by the electorate, which levies are void and unenforceable because such levies were made and adopted by resolution, motion, or other informal action instead of having been made by ordinance, or because made and adopted prior to final approval of the annual budget of any such city or town, or because made and adopted at a time when the tax rolls were not actually before the governing bodies of any such city or town, and which levies are otherwise legally enforceable, are hereby ratified, confirmed, and validated, and such levies are hereby declared enforceable the same as though they had been adopted originally by ordinance in strict compliance with all requirements of the law; provided this Act shall not apply to levies the validity of which has been attacked in any litigation pending in Court at the time this Act becomes effective. Acts 1941, 47th Leg., p. 857, ch. 533, § 1."

This article became effective June 18, 1941. This suit was instituted in court on August 25th thereafter.

Article 2815g—25, Vernon's Ann. Civ.St., so far as material to this inquiry, is as follows: "All School Districts * * * are hereby validated in all respects as though they had been duly and legally established in the first instance. All acts of the Boards of Trustees in such Districts and all Commissioners' Courts in ordering an election or elections, declaring the results of such elections, levying, attempting or purporting to levy taxes `for and on behalf of such School Districts, and all bonds issued and now outstanding, and all bonds heretofore voted but not yet issued, and all bond assumption tax elections, are hereby in all things validated. The fact that by inadvertence or oversight any act of the officers of any County in the creation of any District was omitted shall in no wise invalidate such District; and the fact that by inadvertence or oversight any act was omitted by the Board of Trustees of any such District or the Commissioners' Court of any County in ordering an election or elections, or in declaring the results thereof, or in levying the taxes for such District, or in the issuance of the bonds of any such District, shall in no wise invalidate any of such proceedings or any bonds so issued by such Districts."

This article became effective February 27, 1941, prior to the filing of this suit. It is apparent that all the proceedings of the city and school of which complaint is made had been ratified, confirmed and validated by the Legislature of the State acting within its authority and power. Morris v. City of Conroe, Tex.Civ.App., 47 S.W.2d 690, writ denied.

Article 7329, Vernon's Ann.Civ.St., contains the following provisions:

"There shall be no defense to a suit for collection of delinquent taxes, as provided for in this chapter except:

"1. That the defendant was not the owner of the land at the time the suit was filed.

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess. Acts 2nd C.S.1923, p. 36."

This statute is held to be a valid exercise of legislative authority.

■ The law seems to be that if the defects and irregularities in the proceedings to levy and assess taxes are due to failure to perform in some specific way some act which the Legislature had the authority to make immaterial that such defect or irregularity is cured by a validating act. Morris v. City of Conroe, supra.

The appellant Cook assails as error the action of the court in sustaining the special exception of the school district levelled at his plea of the statute of ten years' limitation to the taxes claimed to have accrued between the years 1924 and 1930, inclusive, and rendering a judgment therefor.

The school district alleged that Cook was due it delinquent taxes from the year 1924 to 1940, inclusive, and recovered judgment for the aggregate sum of $757.33. One item which enters into this total is stated in the judgment to be, taxes, $185.35, penalty, $15.03 and interest, $112.30; total, $322.75, on "Lots 9, 7, 8, 22, 23 in Block 13 of the Original Town of Booker" for the years 1924 to 1940, inclusive. This $322.75 was adjudged against the defendant Cook personally and a lien decreed and foreclosed against the above described lots. There is no statement of facts in the record and we have no way of ascertaining what part of the $322.75 was barred by the ten years' statute of limitation before the institution of this suit on September 8, 1940, since the amount of taxes, penalty and interest is not shown by the year.

Article 7298, Vernon's Ann.Civ.St., passed by the 42nd Legislature in 1931, providing limitation is not available to delinquent taxpayers as a defense against the state, county and various other districts, including school districts, contains this stipulation: " * * * provided, that no suit shall be brought for the collection of delinquent taxes of a School District or Road District unless instituted within ten years from the time the same shall become delinquent."

On February 5, 1930, in an opinion by the Commission of Appeals, in Hereford Independent School Dist. v. Jones et ux., 118 Tex. 655, 23 S.W.2d 690, it was held that the adoption of articles 7298, 7329, 7337 and 7343 of Vernon's Ann.Civ.St., manifested an intention of the Legislature to adopt the provisions of article 7329 so as to make the terms thereof applicable to suits by districts to enforce the collection of school taxes, however, since this opinion was written the Legislature by an amendment to article 7298, Vernon's Ann. Civ.St., adopted in 1931, expressly stipulates that a school district, after the expiration of ten years, cannot maintain a suit to collect delinquent taxes.

■■ The court erred in sustaining the special exception of the school district to appellant's plea of limitation and permitting it to recover a judgment for the item of $322.75, a part of which the record shows on its face was barred by the ten years' statute of limitation. There is no statement of facts in the record and we are unable to determine the amount of this item barred, from the amount not barred, hence, this $322.75 of the judgment in its behalf is deducted and to that extent reversed and remanded, but affirmed for the balance. The judgments for the state, for the county and for the city are affirmed, and the judgment for the school district is affirmed for $434.58. The costs accrued in the case will be adjudged against defendant Cook except such costs as were incurred in the suit against the school district, which are here adjudged against it.