Juanita H. KOWNSLAR, Appellant,

v.

WESTINGHOUSE CREDIT CORPORATION, Appellee.

No. 4557.

Court of Civil Appeals of Texas, Eastland.

Aug. 25, 1972.

Rehearing Denied Sept. 15, 1972.

Kownslar gave Westinghouse a written continuing guaranty agreement dated September 21, 1965. The contract guaranteed, among other things, the payment of promissory notes executed by J & D. In a prior suit, Cause No. 67–4713–A, 14th District Court, Dallas County, Texas, between these same parties, involving the same guaranty agreement, Westinghouse obtained judgment against Kownslar (whose name was then Blount) because of the default in payment of four promissory notes executed by J & D. Blount v. Westinghouse Credit Corporation, 432 S.W.2d 549 (Tex.Civ.App.-Dallas 1968, no writ hist.). The petition in the prior suit was filed on May 19, 1967, and final judgment rendered on November 20, 1967. Prior to May 19, 1967, each note involved in the present suit was in default. Westinghouse had declared the balance due on each, the collateral had been repossessed and sold, and the proceeds from each sale applied to the respective note. All of Westinghouse's present claims, resulting from such defaults, were ascertainable before May 19, 1967.

Clark, West, Keller, Sanders & Ginsberg, Sam Coats, Dallas, for appellant.

Irion, Cain, Magee & Davis, Don W. Davis, Dallas, for appellee.

McCLOUD, Chief Justice.

Westinghouse Credit Corporation sued Juanita H. Kownslar to recover the balance owed on five promissory notes executed by J & D Factory Outlet Mobile Homes, Inc., and guaranteed by Kownslar. Both parties filed motions for summary judgment. The trial court granted plaintiff's motion and defendant, Kownslar, has appealed. We reverse and render.

Kownslar contends the trial court erred in granting plaintiff's motion and in not granting her motion for summary judgment because Westinghouse's claim is barred by the doctrine of res judicata. We agree.

Kownslar argues that the suit is on the guaranty contract and since Westinghouse failed to include in the prior suit the present claims, such claims are barred by the doctrine of res judicata. Westinghouse contends that its suit is upon five distinct and separate promissory notes and that each note constitutes a separate cause of action.

Both the prior suit and the instant suit are predicated upon the written guaranty agreement and Kownslar's liability results solely from that contract. Blount v. Westinghouse Credit Corporation, supra. A contract of guaranty is a collateral and secondary contract to be answerable for the payment of some debt of another person, who himself remains liable for the debt. Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.2d 748 (Tex.Com.App. 1928); 27 Tex.Jur.2d 279, Guaranty § 1.

We have found no cases directly in point, however, we think the language contained in Eastland County v. Davisson, 13 S.W.2d 673 (Tex.Com.App.1929) is persuasive. The Court said:

"The leading text-writers uniformly announce the rule that, where numerous defaults have occurred, under a single contract, although separable and divisible, a party bringing suit for breach thereof must include all defaults that have occurred at the time of the bringing of the suit."

The Court further pointed out:

"The reason for the rule lies in the necessity for preventing vexatious and oppressive litigations, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice."

While discussing the doctrine of res judicata the Court in Sovereign Camp, W. O. W., v. Helm, 94 S.W.2d 521 (Tex.Civ. App.-El Paso 1936, writ ref.) stated:

" 'It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. . . . Or, as differently expressed, "the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time . . ." ' "

See also Estate v. Borel v. Moody, 273 S. W.2d 673 (Tex.Civ.App.-Beaumont 1954, no writ); Cole v. Wadsworth, 376 S.W.2d 13 (Tex.Civ.App.-Tyler 1964, writ ref. n. r. e.); Ames v. Herrington, 139 S.W.2d 183 (Tex.Civ.App.-Eastland 1940, writ dism. judgm. cor.).

We do not agree with Westinghouse that its suit is brought upon five separate causes of action. The five notes represent the underlying obligation, but the rights of Westinghouse as against Kownslar arise from the guaranty contract, and any action by Westinghouse against the guarantor, Kownslar, must be based on that contract. The suit is not on the primary obligation but is on the collateral or secondary obligation. Miller v. Bush, 42 S.W.2d 156 (Tex.Civ.App.-Waco 1931, writ ref.); 38 Am.Jur.2d 1121, Guaranty § 115; 38 C.J.S. Guaranty § 84, p. 1253.

Westinghouse's present claims under the guaranty contract were ascertainable prior to the filing and rendition of judgment in the first suit. We hold that Westinghouse's suit is barred by the doctrine of res judicata.

The judgment of the trial court is reversed and judgment rendered granting Juanita H. Kownslar's motion for summary judgment.