WESTINGHOUSE CREDIT CORPORA-
TION, Petitioner,

v.

Juanita H. KOWNSLAR, Respondent.

No. B–3647.

Supreme Court of Texas.

June 27, 1973.

Irion, Cain, Magee & Davis, Don W. Davis, Dallas, for petitioner.

Clark, West, Keller, Sanders & Ginsberg, David M. Ellis, Dallas, for respondent.

JOHNSON, Justice.

Westinghouse Credit Corporation obtained summary judgment in its action to enforce payment of five promissory notes against Juanita H. Kownslar, the guarantor of those notes. The court of civil appeals reversed and rendered judgment that Westinghouse take nothing. 484 S.W.2d 460. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

In September 1965, Mrs. Kownslar gave Westinghouse a written agreement to guarantee "prompt performance, payment and discharge of any and all obligations and agreements of Obligor [J & D Factory Outlet Mobile Homes, Inc.] . . . with you [Westinghouse] . . . now in force or hereafter made." J & D executed and delivered a number of promissory notes to Westinghouse. By March 1967, all of the notes here pertinent, nine in number, were in default. In May 1967, Westinghouse filed suit against Mrs. Kownslar (then Juanita Blount) to collect the amount due on four of the notes in default. That litigation resulted in a judgment for Westinghouse which was affirmed by the court of civil appeals. Blount v. Westinghouse Credit Corporation, 432 S.W.2d 549 (Tex. Civ.App.—Dallas 1968, no writ).

In January 1971, Westinghouse filed this second suit against Mrs. Kownslar to collect the amount due on five other promissory notes. Mrs. Kownslar moved for summary judgment on the ground of res judicata. The trial court denied that motion and granted Westinghouse's motion

for summary judgment on the notes. The court of civil appeals reversed the trial court's judgment and granted defendant's motion for summary judgment.

It is conceded that all nine of the notes were in default at the time of the first suit in 1967. The sole issue before this court is whether the judgment in the first litigation, granting Westinghouse's recovery against the guarantor on four notes, is a bar to the present action against the guarantor on the other five notes. Although both parties have referred to the principle as res judicata, we will refer to it as the doctrine of merger. Merger is that branch of res judicata which bars later action on claims which should have been litigated in an earlier action. 2 Freeman, Judgments, ch. X (5th ed. 1925). The question here is: must Westinghouse have sued on all nine notes in the first suit or else forfeit its claim against the guarantor with respect to those omitted?

It is Westinghouse's position that the action against Mrs. Kownslar is essentially an action on the notes; since each promissory note evidences a separate and distinct cause of action, Westinghouse is not guilty of splitting a cause of action. There is no doubt that separate suits by Westinghouse would lie against J & D. Ferguson v. Culton, 8 Tex. 283 (1852); Kempner v. Comer, 73 Tex. 196, 11 S.W. 194 (1889); Restatement of Judgments § 62, comment i at 253; 2 Freeman, Judgments § 565 (5th ed. 1925); 1 Am.Jur.2d Actions § 135; 1 C.J.S. Actions § 103(c)(5). Westinghouse apprehends no reason why Mrs. Kownslar, who agreed to have her personal fortune respond for the debts of J & D, should have the advantage of a defense J & D would not have.

Mrs. Kownslar, on the other hand, argues that the suit is essentially an action on the guaranty agreement; since the guaranty agreement is a single contract, any action for breach of it must include all then-ascertainable claims for damages.

Eastland County v. Davisson, 13 S.W.2d 673 (Tex.Comm'n App.1929, jdgmt. adopted); Texas & P. R. Co. v. Scoggin & Brown, 95 S.W. 651 (Tex.Civ.App.1906, no writ); Restatement of Judgments § 62, comment h at 250; 2 Freeman, Judgments § 606 (5th ed. 1925); 1 Am.Jur.2d Actions § 137; 1 C.J.S. Actions § 103(b)(2). She contends that any other rule would permit the whole range of vices inherent in a multiplicity of suits.

We proceed by two inquiries. We look first to see whether or not there is a Texas case *directly* in point. We conclude there is not. By application of the narrow construction of precedent [1] appropriate to this doctrine, we find that the case is one of first impression.

Our second problem is whether the factual situation presented is such that the purposes of the doctrine of merger shall be frustrated absent enforcement of the bar. Ogletree v. Crates, 363 S.W.2d 431 (Tex. 1963). Those purposes, as relevant here, are to prevent harassment of defendants and to prevent trespass upon the time of the court. We do not perceive that Westinghouse, in bringing two suits instead of one, designed to harass Mrs. Kownslar; on the contrary, she *may* have derived a benefit from the delay. Moreover, Westinghouse *may* have had legitimate business reasons for waiting to sue on these notes, and so the time of the court is not utterly wasted. Of course, courts are not prepared to hear proof on those subjects and to have the applicability of merger depend upon findings of fact in a particular case. Merger follows, if at all, as a consequence of the *form* of the transaction and our holding herein must apply to all transactions which take this form, i. e., a single guaranty agreement for a series of separate notes. We conclude that, in this situation, the risk of opportunity for abuse is so far offset by the unlikelihood of its occurrence as not to warrant imposition of the severe rule of merger.

1. The precedent which must be narrowly construed is that which imposes the bar.

The form of this transaction is not exactly within the rule of any decided case in our jurisdiction. It does not clearly appear to the court that separate suits would be, more often than not, the engine of oppression and waste. We hold that merger does not bar the present suit. Petitioner's first two points of error are sustained.

We believe that the decision here reached is the result that the business community would have expected in the absence of a lawyer's brief. There was no occasion for either Westinghouse or Mrs. Kownslar to believe that the guarantor stood in any different relation to the debt than J & D. Many distinctions may be drawn in a courtroom which are never drawn in the business world, but that should not be lightly done. Also, we believe that the decision here reached promotes flexibility in commerce by permitting a single guaranty agreement to have generally the same effect as the guarantor's signing each note, at least with respect to the doctrine of merger.

Westinghouse, by its third point of error, seeks to modify that part of the judgment of the trial court which allowed interest on the principal sum of the notes only at the rate of six percent beginning on the day this suit was filed. Westinghouse contends it is entitled to interest at the rate of ten percent beginning on the various maturity dates of the notes, all of which dates are in early 1967. That point has not been properly preserved for review. The record in this cause does not show that Westinghouse ever specifically requested such relief before the trial court. Plasky v. Gulf Insurance Company, 160 Tex. 612, 335 S.W.2d 581 (1960).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

WALKER and REAVLEY, JJ., concur in the result.