**William Lester FULCHER, Jr.,**
**Appellant,**

v.

**TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY et al., Appellees.**

No. 1280.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

Rehearing Denied Oct. 5, 1978.

Randall P. Crane, San Benito, James H. Denison, Jr., Denison & Mann, Harlingen, for appellant.

Sloan B. Blair, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, Bill Campbell, Asst. Atty. Gen., Austin, for appellees.

## OPINION

YOUNG, Justice.

In this instructed verdict case the trial court granted to appellees, the Texas State Board of Public Accountancy and the Texas Society of Certified Public Accountants, a permanent injunction against appellant, William Lester Fulcher, preventing him from using the words "public accounting officers", "accounting offices", "accounting practitioner", "account", "accounting", "accountant" or any abbreviation or derivation thereof in connection with his business. Fulcher brings this appeal. We affirm.

This action relates to our prior decision in *Texas State Board of Public Accountancy v. Fulcher*, 515 S.W.2d 950 (Tex.Civ.App.— Corpus Christi 1974, writ ref'd n. r. e.), where we held that William L. Fulcher, the appellant herein should be enjoined from using the word "accountant" on his signs and business envelopes while not licensed under the Public Accountancy Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 41a (1969). Following that decision appellant Fulcher dropped the designation "accountant" and substituted the word "accounting" combined with other words to represent himself as follows: "Fulcher, Bill & Associates Accounting & Taxes" on his building directory; "Public Accounting Offices" on the door to his office and in announcements sent concerning his new office; "Account-ing Offices" on his card, letterhead and envelopes; and "Accounting practitioner" on his tax form covers.

The Texas State Board of Public Accountancy, represented initially by the Attorney General, and the Texas Society of Certified Public Accountants brought the present suit to enjoin Fulcher's representations. Immediately prior to the trial, Joe K. Hendley, District Attorney for Cameron County, placed himself on record as also representing the Texas State Board of Public Accountancy. Our prior opinion well describes the types of services that appellant provides his customers; we will not here repeat those matters. At the time of this trial, he was not registered as a certified public accountant or public accountant under the Public Accountancy Act of Texas. Trial was to the court with a jury. At the close of all the evidence the court granted an instructed verdict in appellees' favor from which judgment Fulcher appeals.

Appellant brings six points of error. His point 1 asserts that the trial court's order violates the First and Fourteenth Amendments to the United States Constitution. We need not consider the merits of this point, though, in that appellant failed to pursue and to receive a trial court determination upon this issue. See *Westinghouse Credit Corporation v. Kownslar*, 496 S.W.2d 531 (Tex.Sup.1973); *Setliff v. Gorrell*, 466 S.W.2d 74, 79 (Tex.Civ.App.— Amarillo 1971, no writ); *Van Hoose v. Moore*, 441 S.W.2d 597, 619 (Tex.Civ.App.— Amarillo 1969, writ ref'd n. r. e.); *Walter E. Heller & Company v. Allen*, 412 S.W.2d 712, 718 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.); Rule 373, T.R.C.P. The First and Fourteenth Amendments to the United States Constitution were not mentioned in appellant's trial pleadings or anywhere in the record. And, the general term constitutionality was only mentioned twice in the statement of facts. The first mention was made at a pre-trial hearing one week before trial. There the appellant's attorney stated, "The question is simply whether or not his constitutional rights are being invaded by their attempting to make

him stop using the designation of accounting practitioner . . . " This comment did not direct the court to which constitution appellant was referring, whether state or federal, or what sections of which constitution were being violated. In addition, the record reflects no attempt by appellant to have the court pass upon any constitutional issues whatsoever after this casual comment was made. The second reference to a constitutional matter was made during the trial. After all of the evidence had been submitted, the trial court stated that this Court of Civil Appeals in *Texas State Board of Public Accountancy v. Fulcher, supra,* had "passed on the constitutionality on the thing back there" (here evidently referring to the constitutionality of the Act). The appellant's attorney then replied "as far as the law is concerned, we are not asking that, Your Honor." Thus, appellant was stating he was making no challenge to the constitutionality of the Act. Accordingly, we find that any issues concerning the First and Fourteenth Amendments of the United States Constitution were not passed upon by the trial court and we need not consider them on appeal.

Even if we were to consider appellant's constitutional argument we could not agree with his reasoning. He relies primarily upon *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976) and *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). Both of these cases dealt with the public's First Amendment right to the dissemination of information about a product or service. Appellant, on that ground, reasons that any truthful information, i. e., that he provides accounting services, is protected by the First Amendment, and that he has a right to release it to the public. The Court in *Bates,* however, stated that advertising which is false, deceptive or misleading remains subject to restraint, *Bates,* 433 U.S. 350 at 383, 97 S.Ct. 2691, and as we will hereafter show, some usages of the term "accounting" can mislead or deceive the public.

The expressed purpose of the Act (Article 41a) is, to wit: "the regulation and licensing of persons to practice public accounting in this state." *Texas State Board of Public Accountancy v. Fulcher, supra,* at 956. In this connection, the Legislature prohibited the use of certain terms which might deceive or mislead the public. Of particular importance are portions of Sections 8(c) and 8(g). Section 8(c) provides in part:

(c) No person shall assume or use the title or designation 'public accountant' or any other title, designation, words, letters, abbreviation, sign, card, or device tending to indicate that such person is a public accountant, unless such person is registered as a public accountant under Section 11 or Section 13 . . . holds a live permit issued under Section 9 of this Act and all of such person's offices in this state *for the practice of public accounting* are maintained and registered as required under Section 10 hereof, . ." (Emphasis supplied.)

Section 8(e) further provides in part:

"(e) No person shall assume or use the title or designation 'certified accountant,' 'chartered accountant,' 'enrolled accountant' 'licensed accountant,' or any other title or designation likely to be confused with 'certified public accountant' or 'public accountant,' or any of the abbreviation, 'CA,' 'PA,' 'EA,' 'RA,' or 'LA,' or similar abbreviations likely to be confused with 'CPA'; provided, however, that only a person holding a live permit issued under Section 9 of this Act and all of whose offices in this state for the *practice of public accounting* are maintained and registered as required under Section 10 hereof may hold himself out to the public as an 'accountant' or 'auditor' or combination of said terms, . . . " (Emphasis supplied.)

See also § 10(d) of the Act. Evident in the above mentioned subsections is the Legislative intent to register all offices which practice "public accounting." Further evident is the Legislative intent to prevent one from using any designation likely to be confused with "public accountant." Finally, Section 8(g) provides:

"(g) No person shall sign or affix his name or any trade or assumed name used by him in his profession or business, with any wording indicating that he is an accountant or auditor, or with any wording indicating that he has *expert knowledge in accounting* or *auditing*, to any accounting or financial statement, or to any opinion on, report on or certificate to any accounting or financial statement, unless he has complied with the applicable provisions of this Act . . . " (Emphasis supplied)

While this last section applies only to the affixation of deceptive titles to financial statements and opinions, it clearly indicates the Legislature's belief that one signifying to possess expert accounting knowledge might mislead the reader of the financial statement into believing that he is a public accountant.

■ In this regard, when determining the Legislature's intent in section 8(e) and its prohibition against using any designation likely to be confused with "public accountant," we must construe all of these sections together. 53 Tex.Jur.2d, Statutes § 160 (1964). We think that Section 8(g) taken in conjunction with Section 8(e) and 8(c) evidences a legislative purpose to prevent anyone from holding himself out as having expert knowledge in accounting or auditing no matter what the representation is printed or lettered upon. Accordingly, that terminology appellant used in this case to hold himself out as having expert knowledge in accounting would be in violation of Section 8(e). In accord with this result is *People v. Hill*, 66 Cal.App.3d 320, 136 Cal. Rptr. 30 (1977). In *Hill*, the California Court of Appeals held that a firm's calling itself "A–Accounting" violated the provisions of the California Accountancy Act. The California Act states that one would be in violation of the Act if he "holds himself or herself out to the public in any manner as one skilled in the knowledge, science and practice of accounting, and as qualified and ready to render professional service therein as a public accountant for compensation". This provision is similar to Texas Section 8(g) except that the California Statute pro-

hibits holding oneself out to the *public* as having expert accounting knowledge. Texas, on the other hand, prohibits this manner of representation on financial statements without mention of other methods of representation. The California case places special reliance on this particular provision of their statute. We do not think, however, that this distinction is significant enough to render the California decision inapplicable to our situation. The underlying intention of both statutes is to prevent the deception of the public, and we think that its rationale applies to this case also. See also in this connection the Texas Engineering Practice Act, Tex.Rev.Civ.Stat.Ann. art. 3271a § 18 (1968).

In sum, then, we think *Virginia Pharmacy*, supra, and *Bates*, supra do not control in this situation. Appellant's holding himself out as possessing expert knowledge in accounting is misleading and remains subject to restraint as stated in *Bates*, supra. Appellant's point 1 is overruled.

■ Appellant's point 2 contends that the court's order improperly hinders his use of his purported federal license to practice before the Internal Revenue Service as an "enrolled agent". Appellant's point 3 contends that the trial court's order is an overextention of the State's police power and is thus violative of Tex.Const. Art. I § 19. We need not consider the merits of these contentions though, in that there is no indication in the record that these specific theories were brought to the attention of or decided by the trial court. See *Westinghouse Credit Corporation v. Kownslar*, supra.

■ Appellant also argues in point 3, as well as in point 2, that the court's judgment is overly broad in its prohibition against the usage of the words "public accounting offices," "accounting offices," "accounting practitioner," "accounts," "accounting," "accountant," or any abbreviation or derivation thereof. The only place in the record where the appellant objected to this type of language was in his special exception 5. There the appellant gave as his

basis for objection the obscurity and ambiguity of these words in the appellees' original petition. This special exception was overruled. Appellant does not appeal the decision on the special exception. No claim is made herein that the decision on the special exception was incorrect. The appellant is, however, claiming that the judgment is overly broad. Because this specific argument was not made in the trial court, we cannot consider it here for the first time on appeal. *Westinghouse Credit Corporation v. Kownslar,* supra. Appellant's points 2 and 3 are overruled.

■ Appellant's point 4 submits that the trial court erred in treating as a question of law, rather than of fact, the issue of whether appellant's use of the before mentioned terms are likely to be confused with "public accountant." We disagree.

Settling upon which terms may or may not deceive the public should not be left to be variantly decided by varying juries. Certainty is a necessity in this area. See 3 McDonald, Texas Civil Practice § 12.03.1 (1970). Hutcheson, Law and Fact in Insurance Cases, 23 Tex.L.Rev. 1 (1944). Thus, we hold it is a question of law as to what representation will be considered deceptive to the public. Appellant's point 4 is overruled.

■ Appellant's point 5 contends that the trial court improperly expanded the number of prohibited titles enumerated in Article 41a. We cannot agree for the reason that the trial court's determination is based upon the reasoning that the titles "Accounting Offices," "Public Accounting Offices" and "Accounting Practitioner" are terms which are likely to be confused with "Public Accountant" or "Accountant" as prohibited in Article 41a subd. 8(e). Appellant's point 5 is overruled.

Appellant's point 6 contends that the Attorney General was not authorized to bring this suit on behalf of the State Board of Public Accountancy, and that the Texas Society of Certified Public Accountants was not a proper party to seek injunctive relief.

■ Rule 12, T.R.C.P. provides:

"Any defendant in any suit or proceeding pending in any court of this state may, by sworn written motion stating that such defendant believes that such suit or proceeding was instituted against him or is being prosecuted against him without authority on the part of the plaintiff's attorney, cause such attorney to be cited to appear before such court and show his authority for same, notice of which motion shall be served upon such attorney at least ten days before the trial of such motion. Upon the hearing of such motion, the burden of proof shall be upon the attorney appearing for the plaintiff to show sufficient authority from the plaintiff in such suit or proceeding to institute or prosecute the same. Upon his failure to show such authority, the court shall refuse to permit such attorney to appear in said cause, and shall dismiss the same if no person who is authorized to prosecute said cause appears . . ."

Rule 12 is the exclusive method for questioning the authority of an attorney to bring a suit. *Angelina County v. McFarland,* 374 S.W.2d 417, 423 (Tex.Sup.1964); *Cook v. City of Booker,* 167 S.W.2d 232, 233 (Tex.Civ.App.—Amarillo 1942, no writ). In order for Fulcher to have properly challenged the authority of the Attorney General to represent the Texas State Board of Public Accountancy it was his duty to invoke Rule 12 by filing a sworn written motion contesting the Attorney General's authority. See *Taylor v. Texas Department of Public Welfare,* 549 S.W.2d 422 (Tex.Civ. App.—Fort Worth 1977, writ ref'd n. r. e.); *Cook,* supra. See also *Collins v. State,* 506 S.W.2d 293 (Tex.Civ.App.—San Antonio 1974, no writ); *Morris v. Smiley,* 378 S.W.2d 149, 152 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.); *Morris v. Hoerster,* 377 S.W.2d 841, 844 (Tex.Civ.App.—Austin 1964, no writ). In *Cook,* supra, the court stated that a plea in abatement was not sufficient to challenge an attorney's authority to represent a plaintiff, but that a Rule 12 motion is the exclusive method for challenging this authority. In the trial court

**372**

Fulcher filed a motion to dismiss alleging "the Attorney General for the State of Texas has no authority under the Constitution of this State nor under any State Statute to file suits for injunctive relief in behalf of the State Board of Public Accountancy." No other allegations were made which indicated that Rule 12 was being invoked. This motion was not sworn to. Moreover, in substance, the motion to dismiss was tantamount to a plea in abatement. See *McDougald v. First Nat. Bank of Beaumont*, 239 S.W.2d 145, 149 (Tex.Civ.App.—Beaumont 1951, writ ref'd n. r. e.); 1 Tex. Jur.2d, Abatement and Revival § 3 (1959). Accordingly, appellant's contention as to the authority of the Attorney General is not reviewable on appeal.

 Even if we were to consider appellant's challenges to the Attorney General's authority we would reach the same result. Appellant argues that the Attorney General may not represent the Texas State Board of Public Accountancy because Section 7 of the Act provides: "No expenses incurred under this Act shall ever be a charge against the funds of the State of Texas." We find, however, in Section 23 of the Act the statement that at all hearings the Attorney General of this State or one of his assistants shall appear and represent the Board. This provision shows the construction the appellant gives to Section 7 is not in accord with the entire Act; i. e., the statute intended that State funds would be spent for representation by the Attorney General when enforcing certain provisions of this Act. Further, Joe K. Hendley, District Attorney of Cameron County, was present at the trial of this case and placed himself on record as one of the attorneys representing the State Board of Public Accountancy. Accordingly, if there was error, there was no harmful error in the Attorney General's joining in the representation of the Texas State Board of Public Accountancy.

 Appellant also challenges the standing of the Texas Society of Certified Public Accountants. We need not here consider that point, though, in that the Texas State Board of Public Accountancy has not been shown to be without standing. Further, any decision as to the standing of the Society could have no effect on the disposition of this appeal. Rule 434, T.R.C.P. Accordingly, appellant's point 6 is overruled.

The judgment of the trial court is affirmed.