NUMBER 13-05-118-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL PEREZ, Appellant,


v.


AARON THOMAS KLEINERT, ALEXANDRIA

MARIE GARZA, AND STATE FARM MUTUAL

AUTOMOBILE INSURANCE COMPANY, Appellees.

 


On appeal from the 24th District Court of Victoria County, Texas


 


OPINION ON REHEARING 



Before Justices Hinojosa, Rodriguez, and Garza


Opinion on Rehearing by Justice Garza


 

 On State Farm's motion for rehearing, the Court withdraws its opinion in this case
and issues the following opinion reversing the trial court's judgment and remanding the
case for a new trial. 

 Michael Perez raises four issues on appeal from a take-nothing judgment. At trial,
Perez had asserted personal injury claims against Aaron Kleinert and Alexandria Marie
Garza, the drivers of two automobiles involved in an accident on June 9, 2000 in which
Perez was allegedly injured. The trial court entered the take-nothing judgment after a jury
returned a finding of no liability as to Kleinert and Garza. 

I. Background 

 At the time of the accident giving rise to this lawsuit, Perez was a passenger in
Garza's automobile. The automobile was a rental car that had been lent to Garza by either
Brian or Jeanne Spacek. Before lending the automobile to Garza, the Spaceks had
purchased an insurance policy from State Farm. After the accident, Perez made a claim
against State Farm for benefits under the Spacek policy. After State Farm allegedly
refused to pay benefits, Perez named State Farm as a defendant in the lawsuit, asserting
claims against State Farm for "underinsured or uninsured motorist benefits" under the
Spacek policy and for violations of article 21.55 of the Texas Insurance Code. 

 Perez's lawsuit against Kleinert, Garza, and State Farm was filed in the 24th District
Court of Victoria County, Judge Stephen Williams presiding. State Farm initially took the
position that Garza was an insured person under the Spacek policy. Pursuant to that
policy, State Farm provided Garza with legal representation by retaining on her behalf the
services of Troy Gilreath and his law firm, Walker, Keeling, & Carroll, L.L.P. Attorney
Gilreath appeared before the trial court as Garza's attorney of record and filed Garza's
answer to the lawsuit. Garza's live pleading denied liability and asserted a crossclaim
against Kleinert, in addition to setting forth special exceptions and affirmative defenses. 
Notably, Garza's live pleading also alleged, among other things, that Perez, her passenger,
was negligent and that his negligence was the sole proximate cause of the accident. 

For reasons that are unknown to this Court, the relationship between State Farm
and Garza subsequently soured and deteriorated into outright antagonism. State Farm
openly complained that Garza was "uncooperative" in preparing her defense for trial. State
Farm ultimately sued Garza in an action for declaratory judgment in the 377th District Court
in Victoria County, again with Judge Williams presiding. 

On April 6, 2004, Judge Williams, acting as the presiding judge of the 377th District
Court of Victoria County (not the 24th District Court), entered a default judgment against
Garza. In relevant part, the judgment states that "no coverage applied to Defendant under
the Policy for the June 9, 2000 accident." The judgment further declares that "State Farm
has no duty to defend or indemnify Defendant for the June 9, 2000 accident and resulting
lawsuit styled Michael A. Perez v. Aaron Kleinert, et al . . . in the 24th District Court of
Victoria County."

Back in the 24th District Court, where Perez's claims against Kleinert, Garza, and
State Farm remained pending, attorney Gilreath filed a motion to withdraw as counsel for 
Garza. The motion to withdraw was filed on April 20, 2004. It specifically noted the default
judgment awarded to State Farm by the 377th District Court on April 6, 2004 and stated
that, based on the default judgment, State Farm had "terminated" attorney Gilreath's
services in representing Garza. The motion further contended that Garza was "unable to
pay for the retention of an attorney." Pursuant to Texas Rule of Civil Procedure 10, the
motion stated that a copy of the motion had been sent to Garza at her last known address
and that Garza had not exercised her right to oppose the motion. See Tex. R. Civ. P. 10. 
On April 29, 2004, Judge Williams granted the motion and entered an order withdrawing
attorney Gilreath and his law firm as counsel for Garza. From that point forward, no
attorney of record was designated for Garza. See id. 

On May 10, 2004, State Farm filed a second amended original answer stating that
"it intends to comply with the terms and conditions of the policy sued on and agrees to pay 
. . . [Perez] those monies which . . . [Perez] is entitled to recover as covered damages as
determined by the Court and jury." Notwithstanding this statement, State Farm's live
pleading enumerated various defenses and affirmative defenses to Perez's claims for
benefits under the Spacek policy and for violations of article 21.55. Among other things,
State Farm alleged in relevant part: 

Defendant would further show unto the Court that the accident in question
made the basis of the Plaintiff's action was an unavoidable accident, in that
it was not proximately caused by the negligence of any party to the event. 
Instead, Defendant would assert that the accident in question was
proximately caused by a malfunctioning traffic light. 


 More than two months before trial, on June 3, 2004, the parties submitted an
"agreed order for separate trial." The agreed order was signed by attorneys for all parties
except Garza. In relevant part, the order decreed that Perez's claims against State Farm
for violations of article 21.55 of the insurance code would "be tried separately from the
determination of liability for the automobile accident in question, the bodily injury damages
the Plaintiff sustained as a result of the automobile accident in question and the Plaintiff's
UM claim against State Farm . . . ." 

 On August 30, 2004, the eve of trial, attorneys for Perez and State Farm submitted
a set of written stipulations to the trial court. Among other things, they agreed that Perez
was a "covered person" under the terms of the Spacek policy. They also stipulated to
"Uninsured/Underinsured Motorist" policy limits of $25,000 for the Spacek policy. The
agreement was signed by counsel for Perez and attorney Isidro Castanon on behalf of
State Farm. 

 Perez's personal injury case against Kleinert and Garza proceeded to trial in August
2004 in the 24th District Court, Judge Williams presiding. Although the trial court's order
of April 29, 2004 rendered Garza a pro se litigant some five months before trial, Garza
apparently never retained a new attorney in the matter and appeared neither in person nor
through counsel at trial. (1)
 

 Without being designated attorney of record for Garza or having her consent to legal
representation, attorney Castanon appeared on the first day of the personal injury trial and
addressed the jury as Garza's attorney. Although Castanon was recognized by the trial
court and allowed to address the jury at trial, attorney Castanon never informed the jury
that he was actually counsel for State Farm and not Garza. In fact, State Farm made no
appearance at trial whatsoever, choosing instead to have attorney Castanon pretend to be
an attorney for Garza. Castanon even apologized to the jury for Garza's absence at trial. 

 Counsel for Perez objected to attorney Castanon's actions and false representations
to the jury. The trial court overruled the objection without explanation and allowed
Castanon to appear before the jury as counsel for Garza, even though he was actually the
attorney for State Farm. Castanon proceeded to "represent" Garza throughout trial,
making an opening statement and closing argument and even examining witnesses. In this
manner, State Farm was able to have attorney Castanon directly represent its interest in
defeating Perez's claims against Garza at trial without having to appear as State Farm
before the jury. 

 Although Garza's live pleading alleged a cross-claim against Kleinert for negligence
per se, there is no indication in the record that attorney Castanon ever pursued that claim
at trial for her benefit. Instead, as "counsel" for Garza, attorney Castanon changed Garza's
legal strategy by collaborating with opposing counsel for Kleinert. Instead of following
Garza's pleadings and attempting to prove Kleinert's negligence, Castanon teamed up with
Kleinert's counsel. Together, they insisted that a malfunctioning traffic light owned and
maintained by the City of Dallas was the sole proximate cause of the accident. Garza's
negligence per se allegation against Kleinert disappeared. In fact, during the jury charge
conference, attorney Castanon actually joined counsel for Kleinert in opposing Perez's
request for an instruction on negligence per se. 

 After the jury returned a finding of no liability in favor of Kleinert and Garza, Perez
filed a motion for new trial in which he argued, among other things, that the trial court had
committed reversible error by allowing attorney Castanon to misrepresent his identity
before the jury. The following exchange occurred at the hearing on the motion for new trial:

THE COURT: Now with respect to this State Farm issue, Mr.
Hoedebeck [counsel for Perez], I have respect
for you and the job you've done in this case, so
when you say that the Court has sanctioned
fabrication, I'm not going to resent that, because
I'm assuming that's just rhetoric and not that you
really mean that because I will never sanction
fabrication in court. 


HOEDEBECK: I thought about that as it came out and it was not
meant as a personal thing, but the Court
specifically stated, "and Castanon represents
the interest of Alexandria Garza."

 

THE COURT: I think not only that and the record will reflect
what it will reflect, but we had an extensive
discussion about this that morning before we
started voir dire.


HOEDEBECK: We did.


THE COURT: And we went from the point of the Deck [sic]
action and the extra contractual action either not
or being involved and, apparently, it was an
agreement that it would not be involved. We
went from that point to Castanon - - and I hadn't
had this situation before, but my thinking on it
was that despite the fact that Castanon had
gone to the trouble of obtaining a declaratory
judgment with respect to coverage, he has now
come into Court and is, essentially, through an
admission, and his request to go forward, he has
set aside or undone that Deck [sic] action. 


My thought was, well, if he wants to do that,
that's fine with me, but we're still not going to - -
and this is my primary concern, we're still not
going to inject insurance in the case. I think
what we did by allowing him to not only say he
represented her interests, I think he said he
represented her is my recollection of the way
that the case played out. So it was as if he was
in there representing her under any other policy
of insurance. 

 

The jury never found out about the declaratory
judgment action or any bad faith claim or
anything else, so where I think we got in the
case was we had two defendants - - each with a
lawyer. We had the Plaintiff's lawyer. 
Everybody was very well represented. It was
submitted to the jury, the jury just did not find in
the Plaintiff's favor and, based on that, I think the
case was fairly tried . . . .


II. Analysis

In his third issue, Perez complains of the trial court's ruling regarding attorney
Castanon's conduct at trial. At the outset, we question the applicability of rule 12 to
Perez's complaint. See Tex. R. Civ. P. 12. Rule 12 is often described as the "exclusive
method" for questioning the authority of an attorney to represent a party in any court
proceeding. See, e.g., Kindle v. Wood County Elec. Co Op, Inc., 151 S.W.3d 206, 210
(Tex. App.--Tyler 2004, pet. denied) (citing Fulcher v. Tex. State Bd. of Pub. Accountancy,
571 S.W.2d 366, 371 (Tex. App.--Corpus Christi 1978, writ ref'd n.r.e)). In relevant part,
rule 12 provides, "A party in a suit or proceeding pending in a court of this state may, by
sworn written motion stating that he believes the suit or proceeding is being prosecuted or
defended without authority, cause the attorney to be cited to appear before the court and
show his authority to act." Tex. R. Civ. P. 12. Although rule 12 now applies equally to both
sides of the bar, we question whether its application would serve any legitimate purpose
in a situation such as this, where the record conclusively establishes the attorney's lack of
authority. 

Attorney Castanon never suggested to the trial court that he actually represented
Garza as her attorney. To the contrary, Castanon's client remained State Farm throughout
the litigation, a fact which has been admitted. On appeal, Castanon has filed an appellate
brief on behalf of State Farm, not Garza. Garza has filed no appellate brief. 

Given the default declaratory judgment taken against Garza in the 377th District
Court and the order of the 24th District Court withdrawing Garza's attorney from the case,
there is no question that Garza was pro se at the trial on Perez's personal injury claims. 
Given that attorney Castanon was never designated of record to be Garza's attorney and
remained the attorney in charge for State Farm, there was simply no basis for invoking rule
12 to challenge his actions in misrepresenting his identity to the jury. Rule 12 does not
contemplate a situation in which an attorney admits from the outset that he or she has no
authority for representation but requests to do so anyway--solely before the jury at
trial--so that an unrelated-third party may reap collateral benefits. The proper way for
State Farm to protect its interests against an uninsured motorist presenting an insubstantial
defense or defaulting at a trial such as this is to withhold consent to suit between the
uninsured and insured motorists. See Allstate Ins. Co. v. Hunt, 469 S.W.2d 151, 153 (Tex.
1971). 

 We conclude that the trial court erred in allowing attorney Castanon to conceal and
deliberately misrepresent his identity before the jury. Castanon is admittedly State Farm's
attorney. With full knowledge of this fact, the trial court nevertheless allowed him to
conceal his identity from the jury. The trial court also allowed Castanon to act before the
jury in the capacity of Garza's attorney, a capacity which the trial court's records
conclusively establish Castanon did not have. In holding that the trial court erred in doing
so, we note that, under rule 10, any substituted attorney must "be designated of record with
notice to all other parties in accordance with Rule 21a." Tex. R. Civ. P. 10. Because there
was no such designation or notice in this case, there was no basis for the trial court to
recognize Castanon as Garza's attorney. See id. 

Even assuming that attorney Castanon did have Garza's consent to legal
representation--a tremendously dubious assumption on these facts--and assuming further
that rule 10 would not be violated by his participation without a designation of record, Perez
argues that there was also a fatal conflict of interest in this case that would have rendered
the trial court's ruling nevertheless erroneous. We agree. 

The basis for the conflict is well-explained in Allstate Ins. Co. v. Hunt. See Hunt,
469 S.W.2d at 153. There, the Texas Supreme Court clarified that the primary duty of an
insurance company is to its insured. Id. at 152. The Court then proceeded to decide the
"basic issue" presented in the case, which was "whether a co-defendant insurance
company shall be permitted to defend an uninsured motorist against its own insured in an
attempt to prevent or limit recovery by its insured after the insurance company has
requested and been granted a separate trial." Id. The Court concluded that "it should be
left to the discretion of the trial court to pass upon the disqualification or conflict of interest,
with the burden being upon the insurance company to show no substantial conflict of
interest." Id. at 153. The Court cited the likelihood that the insurance company would be
put in a position to defend two antagonists at trial as a primary consideration in evaluating
fatal conflicts arising in uninsured motorist cases. Id. 

Here, the uninsured and insured motorists were squarely at odds. Garza, the
uninsured motorist, alleged among other things that Perez, State Farm's insured, was the
sole proximate cause of the accident, a perplexing allegation given that Perez was a
passenger and not a driver. Perez, in contrast, blamed Kleinert and Garza for the
accident. Thus, to defend Garza, State Farm was called to oppose its insured (Perez) in
the lawsuit. 

We see a substantial conflict of interest in State Farm doing so. Although attorney
Castanon chose not to pursue Garza's allegations that Perez was the sole proximate
cause of the accident, the allegations were included in the live pleadings that were tried to
the jury. At trial, attorney Castanon also abandoned Garza's negligence per se claim
against Kleinert. As noted above, attorney Castanon actually collaborated with opposing
counsel for Kleinert to defeat Perez's request for a jury instruction on negligence per se.
Counsel for Kleinert and attorney Castanon also made a common defense on Perez's pre-existing medical condition and damages. 

In the face of these conflicts and despite Perez' s numerous objections to counsel's
participation on behalf of the absent, uninsured, and unrepresented Garza, attorney
Castanon never attempted to meet State Farm's burden of showing that there existed no
substantial conflict of interest. See id. In fact, attorney Castanon made no attempt to
justify his actions when they were challenged. Even at the hearing on Perez's motion for
new trial and on appeal, attorney Castanon has only addressed this issue as one of
"injecting insurance" into a personal injury case. See Tex. R. Evid. 411. We do not view
the issues created by the trial court's ruling to be evidentiary in nature so as to come under
the purview of rule 411. See id. 

Furthermore, we find no merit in State Farm's contention on appeal that the
interests of State Farm were aligned with Garza at trial. At the time of trial, State Farm had
successfully sued Garza for a default judgment that rendered her an uninsured, pro se
defendant. Even if State Farm's antagonism toward Garza were somehow discounted and
we were able conclude that State Farm and Garza actually had aligned interests, that
consideration would not validate the trial court's actions. To the contrary, it would further
demonstrate a conflict of interest because State Farm had aligned itself with an uninsured
motorist in order to defeat claims by its insured. 

On this record, there is no basis for concluding that State Farm rebutted or
attempted to rebut the presumption precluding its representation of Garza through common
counsel. See Nationwide Mut. Ins. Co. v. Patterson, 962 S.W.2d 714, 716 (Tex.
App.--Austin 1998, pet. denied). Accordingly, the trial court erred by allowing counsel for
State Farm to represent the interests of Garza before the jury. See Gov't Employees Ins.
Co. v. Lichte, 792 S.W.2d 546, 547 (Tex. App.--El Paso 1990, writ denied) (concluding
that insurance company "could not have represented the uninsured motorist's interest at
. . . hearing because a conflict of interest would occur . . . because the main duty of the
insurance company is to the insured."). 

State Farm also argues on appeal that attorney Castanon participated in the
personal injury trial because it served the interests of judicial economy to have Perez's
claims against State Farm tried together with the claims against Kleinert and Garza. This
point requires clarification. The only claims tried to the jury were those involving Perez,
Kleinert, and Garza. State Farm was not involved, named, or implicated in any of the
evidence, issues, or arguments presented to the jury. 

On motion for rehearing, State Farm continues to maintain that its attorney had a
legitimate basis for participating in the trial, even though State Farm was not named as a
party before the jury. Because we find no merit in these contentions, we elaborate further
upon the basic reasons for our decision to the contrary. 

Perez asserted two types of claims against State Farm: (1) claims for
"underinsured/uninsured" motorist benefits under the Spacek policy; and (2) claims for
violations of article 21.55. As noted above, before trial, the parties agreed that Perez's
personal injury claims against Kleinert and Garza would be tried first, along with his claim
against State Farm for "underinsured/uninsured" motorist benefits under the Spacek policy. 
The parties also agreed that Perez's claims for violations of article 21.55 would be tried
separately before a different jury. Thus, the only legitimate basis for State Farm to
participate in the personal injury trial would have been to defend against Perez's claim for
"underinsured/uninsured" motorist benefits. We conclude that State Farm's attorney had
no legitimate basis for participating at trial because Perez's claim for
"underinsured/uninsured" motorist benefits was never tried to the jury. 

On rehearing, State Farm contends that the claim for "underinsured/uninsured"
motorist benefits was in fact tried to the jury. We disagree and note that the claim was not
mentioned even once at trial. This fact is supported by the reporter's record. It is also
supported by the clerk's record, which contains a copy of the parties' pre-trial stipulations. 
According to the stipulations, Perez was a "covered person" at the time of the accident and
thus entitled to "underinsured/uninsured" motorist benefits under the Spacek policy up to
the stipulated policy limit of $25,000. State Farm's live pleading stated that "it intends to
comply with the terms and conditions of the policy sued on and agrees to pay . . . [Perez]
those monies which . . . [Perez] is entitled to recover as covered damages as determined
by the Court and jury." Given these stipulations and State Farm's live pleading, the only
issues left open for trial involved the "determination of liability for the automobile accident
in question" and "the bodily injury damages the Plaintiff sustained as a result of the
automobile accident in question." 

At trial, attorney Castanon represented State Farm's interests in minimizing the
award it might have to pay to Perez. He argued and attempted to prove that a traffic light
caused the accident and that Perez had suffered no compensable injuries. Far from
advancing any interest in judicial economy, this ploy undermined the jury's fact-finding
ability as well as our confidence that the trial court's error did not probably lead to the
rendition of an improper judgment. In overruling the relief requested in State Farm's
motion for rehearing, we note that at no time did attorney Castanon honestly represent to
the jury the true capacity in which he participated at trial. As before, we conclude that the
trial was pervasively tainted by reversible error. 

For these reasons, the judgment is reversed and the case is remanded for a new
trial.

 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Opinion delivered and filed 

 this the 28th day of December, 2006. 
1. This is confirmed by agreement of the parties, by the reporter's record of the trial, and by the trial
court's "final judgment," which states, "Defendant Alexandria Marie Garza did not appear for trial." As noted
above, no attorney of record was designated for Garza after the trial court ordered attorney Gilreath and his
law firm withdrawn from the case.